IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PIC GROUP, INC.                                                                                          PLAINTIFF

VS.                                                                 CIVIL ACTION NO. 1:09cv662-KS-MTP

LANDCOAST INSULATION, INC. and
ZURICH AMERICAN INSURANCE CO.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Retransfer and Amend Judgment, or Alternatively, to Certify for Interlocutory Appeal Under 28 U.S.C. §1292(b) [Docs. # 56, 57]. The Court, having reviewed the motion, the responses, the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be DENIED.

### I. FACTS

This case arises out of a scaffolding collapse incident that occurred at the Mississippi Power Plant Daniel in Jackson County, Mississippi, on November 4, 2008. PIC Group, Inc. ("PIC") contracted Landcoast Insulation, Inc. ("Landcoast") to install the scaffolding. The scaffolding collapsed, injuring six employees and killing one.

PIC filed suit in the U.S. District Court of the Western District of Louisiana against Landcoast and its insurer, Zurich American Insurance Company ("Zurich"). PIC seeks a declaratory judgment under 28 U.S.C. § 2201 that Landcoast is required to hold harmless and

indemnify PIC under the terms of their contract which was formed under Georgia law. Secondly, PIC seeks a declaratory judgment that Zurich is required to hold harmless and indemnify PIC under a Louisiana insurance contract between Landcoast and Zurich, which lists PIC as additionally insured. Third, PIC brings a negligence claim against Landcoast, as well as Zurich under Louisiana's direct action statute, La. Rev. Stat. 22:1269. Federal jurisdiction is proper under 28 U.S.C. §1332 as all parties are citizens of different states, and the amount in controversy exceeds $75,000.

After extensive briefing by the parties, U.S. District Court Judge, the Honorable Tucker L. Melancon, of the Western District of Louisiana held that venue was improper and in the interest of justice, transferred the case to this Court pursuant to 28 U.S.C. § 1406(a). *PIC Group, Inc. v. Landcoast Insulation, Inc.*, 2009 WL 2912780 (W.D. La. 2009). PIC then filed its Motion to Retransfer and Amend Judgment, or Alternatively, to Certify for Interlocutory Appeal Under 28 U.S.C. §1292(b).

## II. STANDARD OF REVIEW

Generally, the transferee court should not review the decision of the transferor court. *In re Crager Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983). "'If the motion to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous.'" *Id.* (quoting *United States v. Koenig*, 290 F.2d 166, 173 n.11 (5th Cir. 1961), *aff'd*, 396 U.S. 121, 90 S.Ct. 396, 24 L.Ed.2d 305 (1962)). This policy avoids the "additional potential mischief of tossing cases back

and forth to the detriment of an adjudication of the underlying merits of the case and respect due sister courts." *Id.*

The federal court applies the choice of law rules of the state in which it sits. *U.S. for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998). "When a suit is transferred pursuant to 28 U.S.C. § 1406(a), the choice-of-law rules of the transferee court's state apply." *Id.*

### III. ANALYSIS

The U.S. District Court of the Western District of Louisiana determined that venue was proper in the Southern District of Mississippi under 28 U.S.C. § 1391(a), which sets federal venue for civil cases founded on diversity jurisdiction.

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Judge Melancon found venue proper in this Court under § 1391(a)(2) because the Mississippi scaffolding collapse was the substantial part of the events that gave rise to the claims. Because venue could be brought in Mississippi, § 1391(a)(3), the venue provision of last resort, could not apply due to the limiting language that requires that there is "no district in which the action may otherwise be brought." PIC seeks retransfer back to Louisiana, or alternatively, seeks certification to bring an interlocutory appeal under 28 U.S.C. § 1292(b).

3

## A. Motion to Retransfer

PIC argues that venue is appropriate in Louisiana for two reasons. First, PIC contends that Mississippi venue will deprive it of its substantive right to directly sue Zurich for negligence because Mississippi does not have a counterpart to the Louisiana direct action statute. PIC argues that venue is appropriate under § 1391(a)(3) because there is no other district in which all claims can be brought against all parties. Secondly, PIC argues that a "substantial part of the events" giving rise to the claims occurred in Louisiana, and therefore, venue is proper in Louisiana under § 1391(a)(2). In support, PIC argues that a substantial part of the insurance contract formation events took place in Louisiana and that the indemnification provided under the contract is the primary issue in the case. PIC also introduces new evidence uncovered in the discovery process demonstrating that many of the events leading up to the scaffolding collapse occurred in Louisiana. Each argument is addressed in turn.

### 1. Venue in this Court does not foreclose PIC from pursuing a substantive right because the Mississippi Supreme Court has held that Louisiana direct action statute provides a procedural, and not substantive, right.

In a diversity case, this court is bound by Mississippi law, including its conflict of law doctrine. *See Pearson v. Globe Indemnity Co.*, 311 F.2d 517, 518 (5th Cir. 1962) (*citing Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). The Mississippi courts have consistently held that the Louisiana direct action statute is procedural, not substantive. *See Ford v. State Farm Ins. Co.*, 625 So.2d 792, 795 (Miss. 1993) ("This Court . . . has unambiguously held Louisiana's direct action statute to be procedural in nature"); *Cook v. State Farm Mutual Ins. Co.*, 128 So.2d 363 (Miss. 1961), *cert. denied* 368 U.S. 898, 82 S.Ct. 176, 7 L.Ed.2d 94

(1961); *see also Bolls v. Middendorf's*, 729 F. Supp. 1583 (S.D. Miss. 1990) (imposing Rule 11 sanctions on Plaintiff's attorney for attempting to add insurer as party under Louisiana's direct action statute in violation of clearly established Mississippi law). "[Mississippi federal courts] apply Mississippi 'procedural' law if there is nothing to the contrary in the Federal Rules or Civil Procedure or the federal statutes." *Pearson*, 311 F.2d at 518.

PIC's direct action against Zurich for negligence or negligence per se is not substantive but a procedural right that exists solely in Louisiana. The Southern District of Mississippi is an appropriate venue because all substantive claims can be brought against the defendants under § 1391(a)(2) because a substantial part of the actions occurred here. § 1391(a)(3) would not apply because PIC has not shown that "there is no district in which the action may otherwise be brought."

**2. The transferor court's determination that a substantial part of the events and omissions giving rise to the suit occurred in Mississippi was not 'manifestly erroneous.'**

The United States District Court of the Western District of Louisiana ruled that the "'substantial part of the events or omissions giving rise to the claim' is not the delivery of the insurance contract but the accident which occurred in Mississippi." *PIC Group, Inc.*, 2009 WL 2912780 at *2. More than one district can be an appropriate venue under § 1391(a)(2). *Globe Glass & Mirror Co., v. Brown*, 888 F. Supp. 768, 770 (E.D. La. 1995); see also 15 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: Jurisdiction § 3806 (1976 & 2005) (noting that after 1990 amendments, it is "absolutely clear" that substantial part of events can occur in more than one district). PIC first contends that the application, issuance, and delivery of the insurance contract in dispute all occurred in Louisiana. It argues that the causes of the scaffolding collapse

5

are "ancillary and pendent questions to the primary claims of contractual defense and indemnity," and thus a substantial part of the events, i.e., the contract formation, occurred in Louisiana. Next, PIC presumably argues that even if the negligence claim is the basis for the declaratory judgment on the contract, a substantial part of the negligent acts occurred in Louisiana.[1] Relying on the deposition of Kenneth M. Chevis, a professional engineer, PIC asserts that the scaffolding plans were prepared, approved, sold, and delivered in Louisiana and that parts of the scaffolding were examined, inspected, and purchased in Louisiana.

However, substantial events leading to the loss, as well as the loss itself, occurred in Mississippi, and indemnification under the contract is only an issue as a result of this loss. The scaffolding was erected in Mississippi, collapsed in Mississippi, and caused serious injury and death in Mississippi. But for the scaffolding collapse, there would be no need for a judicial determination regarding the coverage of the insurance policy. Judge Melancon's determination that substantial part of the actions occurred in Mississippi was not "manifestly erroneous."

### B. Motion for Interlocutory Appeal under § 1292(b)

Plaintiff's motion for certification for interlocutory appeal is unwarranted. 28 U.S.C. § 1292(b) allows a district court to certify appeal of an order when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Fifth Circuit has held that a ruling denying dismissal of a case for improper venue "involves neither an important issue separate from the merits nor a serious and unsettled

---

[1] PIC does not directly make this argument, but provides the evidence of Louisiana events that may be significant in the scaffolding failure. See Mem. Supp. Mot. for Leave to File Mot. to Supp. R. [Doc. #70].

question of law." *Louisiana Ice Cream Dist., Inc. v. Carvel Corp.*, 821 F.2d 1031, 1033 (5th Cir. 1987). Further, PIC's argument that venue in Mississippi is improper because it forecloses its pursuit of a substantive claim against Zurich is contrary to clearly established Mississippi law holding that Louisiana's direct action statute provides a procedural, not substantive, right. PIC has not shown a substantial ground for difference on any controlling question of law in this case. Lastly, appeal of the interlocutory order will not advance the ultimate termination of the litigation, but will likely delay the case. Therefore, Plaintiff's motion for certification for interlocutory appeal is denied.

## IV. CONCLUSION

The Court therefore finds that Plaintiff's Motion to Retransfer and Amend Judgment [Doc. #56] should be denied for the reasons stated above and that its Motion to Certify for Interlocutory Appeal under 28 U.S.C. §1292(b) [Doc. #57] should also be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion to Retransfer and Amend Judgment or Alternatively to Certify for Interlocutory Appeal is denied.

SO ORDERED AND ADJUDGED this the 29th day of October, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE