# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

PIC GROUP, INC.                                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:09cv662-KS-MTP**

**LANDCOAST INSULATION, INC.**
**and ZURICH AMERICAN**
**INSURANCE COMPANY**                                                    **DEFENDANTS**

## ORDER

This matter is before the court on a Motion [97] to Quash or Modify Subpoenas filed by

Defendant LandCoast Insulation, Inc. ("LandCoast"), and the court having considered the matter

finds that the Motion should be granted in part and denied in part as set forth below.

The instant discovery dispute arises out of the issuance of subpoenas by Plaintiff to David

C. Goff ("Goff") and Deutsch, Kerrigan and Stiles ("DKS"), attorneys who represent LandCoast

in an ongoing proceeding before the Occupational Safety and Health Review Commission relating

to the accident that forms the basis of the instant lawsuit (the "OSHA proceeding"). Goff and

DKS do not represent LandCoast in the instant lawsuit. The subpoenas seek materials relating to

the OSHA proceeding. *See* Exhs. A & B to Motion.

LandCoast first argues that the subpoenas should be quashed because although they were

issued to Goff and DKS, who are not parties to this action, they were "[i]n essence" issued to

LandCoast, a party, and, therefore, they were not properly issued pursuant to Fed. R. Civ. P. 45.

LandCoast argues that Plaintiff should instead utilize Fed. R. Civ. P. 34 to obtain these documents

via a document request. However, Goff and DKS are not parties to this action, despite their

relationship to LandCoast. LandCoast does not cite to any authority to support the proposition

that a subpoena may not be properly issued to an attorney representing a party in a separate action.

Indeed, "[w]hen documents are sought from a nonparty, the usual method of compelling production is via a subpoena...This includes work product held by a nonparty attorney." *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006) (citations omitted) (noting that the proper method for obtaining documents from party's former counsel is via subpoena rather than document request); *see also Hickman v. Taylor*, 329 U.S. 495, 504 (1947) (explaining that Fed. R. Civ. P. 34 "is limited to parties to the proceeding, thereby excluding their counsel or agents"); 8B Wright Charles A. Wright, *et al.*, *Federal Practice & Procedure* § 2208 (2010) (Rule 34 "creates a device that may be used to obtain discovery only from parties to a pending action. It does not apply directly to counsel for a party...."). Accordingly, this objection does not provide a basis to quash the subpoenas.

Next, LandCoast argues that because the OSHA proceeding has not yet concluded, "it would be improper" to require production of materials relating to this matter. Again, LandCoast cites to no authority to support this proposition, nor is the court aware of any general privilege relating to ongoing administrative proceedings.[1] Thus, this does not provide a basis to quash the subpoenas.[2]

---

[1] To the extent that LandCoast is attempting to invoke the "law enforcement privilege," which provides limited protection to government documents relating to ongoing criminal investigations, *see, e.g.*, *In re U.S. Dep't of Homeland Security*, 459 F.3d 565, 569 & n. 1, 2 (5th Cir. 2006), LandCoast has failed to meet its burden of establishing that the privilege is applicable.

[2] The court does not express an opinion as to whether these documents would ultimately be admissible. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The term "relevant" in Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Finally, LandCoast argues that some of the materials sought by the subpoena are protected by the work product and/or attorney-client privileges. However, LandCoast has not met its burden of establishing that either privilege is applicable. *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."); *U.S. v. Rodriguez*, 948 F.2d 914, 916 (5th Cir. 1991) ("The burden of establishing privilege rests on the party who invokes it."). Nor has LandCoast produced a privilege log.[3] However, by utilizing the subpoena process to obtain the records at issue, Plaintiff has not allowed sufficient time for LandCoast to prepare a privilege log. Accordingly, the court finds it appropriate to modify the subpoenas to extend the return date in order to allow LandCoast[4] and its attorneys additional time within which to review the pertinent documents and prepare a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A) and L.U.Civ.R. 26(a)(1)(C).

IT IS, THEREFORE, ORDERED that LandCoast's Motion[97] to Quash or Modify is granted in part and denied in part. The motion is granted to extend the return date of the

---

[3] "A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: name of the document, electronically stored information, or tangible thing; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege. To withhold materials without such notices subjects the withholding party to sanctions under Fed. R. Civ. P. 37 and may be viewed as a waiver of the privilege or protection." L.U.Civ.R. 26(a)(1)(C). *See also* Fed. R. Civ. P. 26(b)(5)(A) ("when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). LandCoast has attached to its Motion as Exhibit C a document that "contains a general description of the nature of any documents LandCoast intends to withhold and the reason that the materials should be protected." To the extent that this document is intended to be a privilege log, it is clearly inadequate under the rules.

[4] While the subpoenas were not served on LandCoast, LandCoast certainly has standing to assert applicable privileges.

subpoenas for twenty (20) days, (until May 6, 2010) in order to allow LandCoast and its attorneys additional time within which to review the pertinent documents and prepare a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A) and L.U.Civ.R. 26(a)(1)(C). In all other respects, the motion is denied. Except for documents withheld on grounds of attorney-client privilege or work product and identified as such on a privilege log, the documents indicated in the subpoena shall be produced by May 6, 2010.

SO ORDERED this 14th day of April, 2010.

s/ Michael T. Parker
United States Magistrate Judge