IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PIC GROUP, INC.,                                                                                                 PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:09-CV-662KS-MTP

LANDCOAST INSULATION, INC.
AND ZURICH AMERICAN INSURANCE
COMPANY                                                                 DEFENDANTS

**ORDER**

This matter is before the court on the Motion [117] for Protective Order and for *In Camera* Inspection and Expedited Ruling filed by Defendant LandCoast Insulation, Inc. ("Landcoast"), and the court having considered the submissions of the parties, as well as applicable law, and having conducted an *in camera* review of all of the documents at issue, finds that the motion should be granted in part and denied in part as set forth below.

LandCoast filed the instant motion in response to a subpoena issued by Plaintiff to Landry Harris Company ("Landry") on March 11, 2010 that seeks the production of a variety of documents pertaining to the accident that forms the basis of the instant lawsuit as well as insurance information.[1] LandCoast argues certain of these documents, identified in a privilege log (*see* [117-2]) are protected by the attorney-client privilege and/or the work product doctrine and, therefore, a protective order should be entered relieving Landry of its obligation to produce the identified documents.

---

[1] The return date on the subpoena was April 16, 2010. Documents responsive to the subpoena, including the documents at issue herein, were produced by Landry to Plaintiff on that date. At that time, LandCoast notified Plaintiff that certain of the documents should not be reviewed because of potential privilege issues. Plaintiff agreed not to open any of the documents produced by Landry until the court had an opportunity to review them and render a decision on any privilege claims. Landry's deposition is set for April 30, 2010. *See* Response [118] to Motion at 1-2.

As the party asserting a claim of privilege, LandCoast has the burden of establishing that the documents sought by Plaintiff are, in fact, privileged. *See*, *e.g.*, *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."); *U.S. v. Rodriguez*, 948 F.2d 914, 916 (5th Cir. 1991) ("The burden of establishing privilege rests on the party who invokes it."). Moreover, a privilege claim "requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified." *Auto Club Family Ins. Co. v. Ahner*, 2007 WL 2480322, at * 5 (E.D. La. Aug. 29, 2007) (citation omitted). "To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion...[which] "forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim...." *Id.* (citation omitted).

The court finds that with respect to all but three of the documents at issue herein, Plaintiff has failed to meet its burden of establishing that the documents are protected by the attorney-client privilege or are work product.

In order to invoke the attorney-client privilege, LandCoast must establish, *inter alia*, that the communication in question was made for the purpose of seeking or rendering legal advice. *See U.S. v. Impastato*, 2007 WL 2463310, at * 2 (E.D. La. Aug. 23, 2007) (citing *U.S. v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978)). The work product doctrine, which is codified in Fed. R. Civ. P. 26(b)(3), provides that a party generally cannot discover documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent."

Many of the documents in questions, while generated by or sent to an attorney, are transmittal e-mails which contain no privileged information and do not constitute work product.

*See Dixie Mill Supply Co. v. Cont'l Cas. Co.*, 168 F.R.D. 554, 559 (E.D. La. 1996) ("Mere transmittal letters or confirmation letters, which do not contain any confidential communications or attorney advice, opinion or mental impressions, are not privileged simply because they are written by or to an attorney"). Many others are communications that relate merely to logistical matters, such as scheduling meetings or conference calls and which, again, do not contain any privileged information and do not constitute work product.[2] Still others do not even appear on their face to include any attorneys. *See In re Tetra Technologies, Inc. Securities Litigation*, 2010 WL 1335431, at * 5 (S.D. Tex. Apr. 5, 2010) (holding that although insurance broker can be an agent for privilege purposes, communications in question "must involve an attorney" in order to be privileged).

In addition, in order for the communications to be privileged, LandCoast must establish that they were made without the presence of a third party. *See Impastato*, 2007 WL 2463310, at * 2 ; *see also Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) (a party waives attorney-client privilege when it voluntarily discloses privileged communications to a third-party). As Plaintiff argues, Landry, a third party, was a sender or recipient of all of the communications at issue.[3] LandCoast responds that as its insurance broker, Landry was its agent under Louisiana law[4] and, therefore, its presence on these communications does not destroy the attorney-client privilege.

---

[2] The court is not expressing an opinion as to whether the calls or meetings themselves are privileged, merely that certain documents in question are not privileged.

[3] Moreover, the court notes that there are several other third parties, in addition to Landry, included on the communications in question. LandCoast has failed to identify who these individuals are or what their relationship to LandCoast is and, therefore, the court is simply unable to conclude that these documents are privileged.

[4] It is undisputed by the parties that Louisiana law applies to the question of whether an agency relationship exists between LandCoast and Landry.

3

It is true that an insurance broker can be an agent for purposes of the attorney-client privilege and work product doctrines.  *See*, *e.g.*, *Exxon Corp. v. St. Paul Fire & Marine Ins.*, 903 F.Supp. 1007, 1009-10 (E.D. La. 1995); *see also Navigators Mgmt. Co. v. St. Paul Fire & Marine Ins. Co.*, 2009 WL 465584, at * 5 (E.D. Mo. Feb. 24, 2009).  However, "an agency relationship is never presumed; it must be clearly established." *Terito v. Wall-Vaughn Motors, Inc.*, 978 So. 2d 403, 404 (La. Ct. App. 1st Cir. 2007).   It is "a factual determination" dependent on "the circumstances of the case." *Id.* at 404-05; *see also Smason v. Celtic Life Ins. Co.*, 615 So. 2d 1079, 1084 (La. Ct. App. 4th Cir. 1993).  For most of the documents at issue herein, even assuming *arguendo* that the documents are otherwise privileged because they are either seeking or providing legal advice, there are simply not enough facts before the court to establish either the existence or scope of an agency relationship between LandCoast and Landry.  *Cf. Exxon*, 903 F.Supp. at 1009-10 (finding agency relationship for privilege purposes where documents at issue "clearly indicate[d]" agency relationship, and deposition testimony and affidavits supported existence and scope of agency relationship).

However, the court finds that with respect to three documents  - bates-numbered LCI-LH-0206-07 and LCI-LH-0230 - the documents are sufficient on their face to justify application of the attorney-client privilege and/or work product doctrine.  Accordingly, LandCoast need not produce these documents to Plaintiff**.**

IT IS, THEREFORE, ORDERED and ADJUDGED that LandCoast's Motion [117] for Protective Order and for In Camera Inspection and Expedited Ruling filed by Defendant is granted in part and denied in part.  The portion of the motion seeking an *in camera* inspection and expedited ruling is granted.  The portion of the motion seeking a protective order is granted in part and denied in part. LandCoast shall produce to Plaintiff all documents that are the subject of the

motion, with the exception of those documents bates-numbered LCI-LH-0206-07 and LCI-LH-0230, which it need not produce.

SO ORDERED this the 28th day of April, 2010.

s/ Michael T. Parker<br>
United States Magistrate Judge