IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PIC GROUP, INC., **PLAINTIFF**

v. CIVIL ACTION NO. 1:09-CV-662KS-MTP

LANDCOAST INSULATION, INC.
AND ZURICH AMERICAN INSURANCE
COMPANY **DEFENDANTS**

## ORDER

THIS MATTER is before the court on a Motion [129] for Reconsideration filed by Defendant LandCoast Insulation Inc. ("Landcoast") and a Motion [131] to Strike the exhibits attached to the Motion [129] for Reconsideration, filed by Plaintiff PIC Group, Inc. ("PIC). The parties seek an expedited ruling on these motions. The court, having considered the submissions of the parties and the applicable law, and having heard argument from the parties during a telephonic hearing on April 29, 2010, finds that the Motion [129] for Reconsideration should be granted in part and denied in part, as set forth below, and that the Motion [131] to Strike should be denied.

In the Motion for Reconsideration, LandCoast asks the court to reconsider its previous Order [125] granting in part and denying in part LandCoast's Motion [117] for Protective Order and for *In Camera* Inspection and Expedited Ruling.[1] Generally, "motions to reconsider are

---

[1] LandCoast filed the Motion [117] motion in response to a subpoena issued by Plaintiff to Landry Harris Company ("Landry") on March 11, 2010 that seeks the production of a variety of documents pertaining to the accident that forms the basis of the instant lawsuit as well as insurance information. In the motion, LandCoast argues that certain of the documents are protected by the attorney-client privilege and/or the work product doctrine and, therefore, a protective order should be entered relieving Landry of its obligation to produce the identified documents. The deposition of Landry is scheduled for tomorrow, April 30, 2010.

analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at * 1 (S.D. Miss. May 31, 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. June 20, 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at * 1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, 2000 WL 1349184, at * 3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at * 2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at * 3.

It is true - as Plaintiff argues in response to the motion - that LandCoast is, in large part, seeking a "second bite at the apple" and is asking the court to reconsider its ruling based on evidence that was not included with its original motion or reply, and not "newly discovered." In light of the time constraints under which the parties were operating in an effort to obtain

2

expedited relief from the court, and the amount of information required to address privilege issues affecting a host of documents, it is not surprising that LandCoast's initial submission was perhaps not as thorough as necessary. However, the instant discovery dispute raises important privilege issues that could have a significant impact and effect on the case, and LandCoast's motion establishes a right to relief as to certain documents. Accordingly, in order to "prevent manifest injustice," the court finds in its discretion that it should reconsider its prior order with respect to those documents identified by LandCoast on its revised privilege log attached as Exhibit C to its motion [129-4].[2] Having reviewed the affidavit of Charles Trent [129-2] and Memorandum [130] in support of LandCoast's motion, and having considered the parties' arguments at today's hearing, the court finds that in light of these new materials submitted to the court, which provide the context and circumstances related to the creation of the few documents remaining at issue, certain of the documents previously ordered by the court in its prior Order [125] to be produced need not be produced.

IT IS, THEREFORE, ORDERED that LandCoast's Motion [129] for Reconsideration is granted in part and denied in part with respect to the following documents:

1. <u>LCI-LH-0016-17</u>: The court finds that the November 7, 2008 e-mail from Charles Trent to Craig Marks, copied to Chrystal Lejeune, on LCI-LH-0016 as well as the November 7, 2008 response from Mr. Marks to Mr. Trent copying Ms. Lejeune on LCI-LH-0017, reflect in-house counsel's thoughts and mental impressions relating to LandCoast's liability exposure, and that they may constitute materials prepared in anticipation of litigation and, therefore, are protected by the attorney-client and work product privileges. Accordingly, these

---

[2] For these same reasons, the court finds that the Motion to Strike should be denied.

communications need not be produced by Landry. However, the court finds that the November 11, 2008 email from Ms. Lejeune to Jennifer Guillory on LCI-LH-016 is neither attorney-client privileged nor work product and, therefore, it must be produced. Landry may redact this document accordingly before it is produced. The redacted document shall be produced by Landry.

  2. <u>LCI-LH-0168-0170</u>: The court does not find that LCI-LH-0168 is either attorney-client privileged or work product and, therefore, this document must be produced by Landry. The court also does not find that the emails on LCI-LH-0169-70 are protected by the work product doctrine, as asserted by LandCoast on its privilege log, as LandCoast has to establish that they were "prepared in anticipation of litigation or for trial." *See* Fed. R. Civ. P. 26(b)(3). The documents merely provide general business information relating to LandCoast. LandCoast also claims on its privilege log that these communications contain "information that is proprietary in nature." However, the parties are subject to a Protective Order [87] that sets forth their rights and obligations with respect to documents they deem to be "confidential." That Protective Order sufficiently addresses LandCoast's concerns about disclosing proprietary information. Finally, although not asserted on the privilege log, LandCoast also argues in its brief that the communications are not relevant. However, the court finds that under the broad definition of the term "relevant" in Fed. R. Civ. P. 26,[3] these communications are clearly relevant. Accordingly,

---

[3] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[The term "relevant" in Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Landry shall produce these documents.

3. <u>LCI-LH-200</u>: LandCoast argues that because this document contains the reserve limits for the property damage claim, it is work product and is not relevant. The court finds that LandCoast has failed to establish that this document is protected by the work product doctrine. Moreover, numerous courts within this Circuit have ruled that reserve information is discoverable - especially where, as here, a plaintiff has asserted a bad faith claim. *See*, *e.g.*, *Omega Protein Corp. v. Lexington Ins. Co.*, 2007 WL 519686, at * 2 (W.D. La. Feb. 15, 2007); *Swicegood v. Med. Protective Co.*, 2004 WL 1698285, at * 3-4 (N.D. Tex. July 29, 2004); *Culbertson v. Shelter Mut. Ins. Co.*, 1998 WL 743592, at * 1 (E.D. La. Oct. 21, 1998). Moreover, the court does not find LandCoast's relevancy argument as to this document sufficient to establish the "manifest injustice" necessary to reconsider its ruling as to this document. Accordingly, Landry shall produce this document.[4]

4. <u>LCI-LH-0208-09</u>: The court finds that these documents are protected as work product, as they contain communications between LandCoast's in-house counsel and Landry Harris Company, its insurance broker, regarding the defense of the claims asserted against LandCoast.[5] Accordingly, Landry need not produce these documents.

5. <u>LCI-LH-212-13</u>: The court does not find that these documents are work product, as they merely repeat what a third party, an unidentified adjuster, stated regarding the cause of

---

[4] In so holding, the court in no way addresses the ultimate admissibility of reserve information or its use at trial, if any. Such decisions are reserved for the presiding District Judge.

[5] The court does not, however, find that these documents are protected by the attorney-client privilege, based on the information presented and a thorough review of the documents themselves.

the accident. LandCoast's main concern appears to be that it disagrees with the adjuster's statements. However, that disagreement does not protect the statement from production. LandCoast has not sufficiently established that this document is entitled to work-product protection. Accordingly, Landry shall produce these documents.

6. Any documents ordered produced herein or ordered to be produced in the court's order [125] of April 28, 2010 shall be produced immediately.

IT IS FURTHER ORDERED that PIC's Motion [131] to Strike the exhibits attached to the Motion [129] for Reconsideration is denied.

SO ORDERED this the 29th day of April, 2010.

s/ Michael T. Parker
United States Magistrate Judge