# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**PIC GROUP, INC.**                                                              **PLAINTIFF**

v.                                         **Civil Action No. 1:09cv662-KS-MTP**

**LANDCOAST INSULATION, INC., et al.**                        **DEFENDANTS**

## ORDER ON MOTION TO COMPEL

This matter is before the court on the Plaintiff's Motion [115] to Compel Disclosures from Defendant Zurich American Insurance Company, Inc. ("Zurich"), and the court having considered the motion, the responses [136] [139][1] and the reply [141], finds that the motion should be GRANTED IN PART AND DENIED IN PART as set forth below.

Zurich served its initial disclosures on or about March 5, 2010. *See* [86]. After Plaintiff filed an amended complaint, Zurich made additional disclosures. The gravamen of Plaintiff's motion is that Zurich did not produce or identify the records the Plaintiff desired as part of its initial disclosures.[2] However, pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Zurich was obligated to produce or provide a "description by category and location" of the records supporting its claims or defenses; it was not obligated to produce records of Plaintiff's choosing.

The court finds that except for item no. 9 of Zurich's Supplemental Disclosures [136-5 at 3] addressed below, Zurich's disclosures appear sufficient and involve documents already

---

[1] In addition to Zurich, Defendant LandCoast Insulation, Inc. filed a response to the motion.

[2] The parties' submissions cover a host of other matters which do not appear to have any bearing on issues raised in the motion and need not be addressed here, such as settlement offers, how long the case has been pending, etc.

exchanged between the parties, such as contracts, insurance agreements and records of Plaintiff's damages which originated with the Plaintiff. The disclosures, except for item no. 9, certainly provide Plaintiff with information sufficient to tailor its discovery requests. Plaintiff has the discovery process available to it to obtain other discoverable records that it may desire from Zurich.

However, item no. 9 of Zurich's supplemental disclosure is clearly insufficient. This disclosure reads as follows: "Non-privileged and discoverable claim file materials...which Zurich may use to support its claims or defenses." *See* [136-4 at 3]. Zurich's response, boiled down its core, is that in support of its claims and defenses Zurich is relying on certain file documents to support its claims and defenses. Thus, the disclosure simply restates the rule. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (stating that party must produce or provide a "description by category and location" of the records supporting its claims or defenses).

Under Fed. R. Civ. P. 26(a)(1)(A)(ii) Zurich had the option to produce the records it is relying on to support its claims or defenses or, if it so chose due to the voluminous nature of the documents or for other reasons, to simply identify the files by category and location. By choosing the latter option, Zurich is required to "provide the opposing party a reasonable opportunity to the review all the items at the site they are located and maintained." *See* L. U. Civ. R. 26(A)(1)(b). In addition, Zurich is obligated to prepare a privilege log describing any documents it is withholding from these files on privilege grounds. *See* Fed. R. Civ. P. 26(b)(5); L. U. Civ. R. 26(A)(1)(c). As to item No. 9, Zurich has not made the documents available for review and has not served a privilege log as required.

IT IS, THEREFORE, ORDERED THAT Plaintiff's Motion [115] to Compel Disclosures is granted in part and denied in part. With respect only to item no. 9 of Zurich's Supplemental

Disclosures [136-5 at 3], Zurich shall, within ten (10) days, provide a description by category of the *specific* files which contain the records supporting its claims or defenses, identify the location of the files, and make those files available for inspection by Plaintiff. Zurich shall also, within ten (10) days, provide a log for any records withheld from those files on a claim of privilege. All other relief sought in the motion is denied.

      SO ORDERED on this the 12th of May, 2010

                                      s/ Michael T. Parker
                                      United States Magistrate Judge