**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

PIC GROUP, INC.                                                                                    PLAINTIFF

v.                                                                CIVIL ACTION NO. 1:09cv662-KS-MTP

LANDCOAST INSULATION, INC.                                                          DEFENDANT

## <u>ORDER</u>

There are several non-dispositive motions before the Court, the most voluminous being

Plaintiff PIC Group, Inc.'s (PIC) [192] Motion to Compel Discovery Responses and for *In*

*Camera* Review.[1]  Also pending is PIC's [211] Motion to Extend Plaintiff and Defendant Expert

Deadlines, which comes on the heels of an [191] Order Amending the Case Management Order

resetting the very same expert deadlines.[2]  Of a more perfunctory nature are Defendant

LandCoast Insulation, Inc.'s (LandCoast) [210] Motion to File Memorandum Brief in Excess of

Limitations of Uniform District Court Rules in connection with the motion to compel and [220]

Motion to File Supplement to Memorandum Brief.[3]

---

[1]PIC's submissions alone [192] [193] [224] total in excess of 425 pages.

[2]"While [settlement] efforts are encouraged, they do not constitute good cause for liberal extensions of the case deadlines, particularly in light of the fact that the Case Management Order [77] was entered on January 13, 2010.  Were it otherwise, the Court would be faced with moving deadlines after every settlement overture with no progress being made toward preparing the case for trial." [191] at 1.  This same sentiment applies to the discovery issues addressed in the instant order.

[3]In its Reply Memorandum [224] in connection with the motion to compel, PIC "advises the Court that it does not oppose LCI's Motion for Leave to File Supplement to Memorandum Brief . . . (Doc.#220)."  PIC has not separately responded to or offered a position on the [210] motion to file excess pages.  Both of these motions will be granted.

# BACKGROUND[4]

This action has not progressed as it should, not necessarily because of the complexity of the issues, but primarily due to the admitted devotion of energies by the parties to efforts other than discovery and the preparation for trial.  *See* n.2 *supra*.  Despite this, PIC posits its [192] motion to compel in the context that LandCoast has not "fully and properly answer[ed] the interrogatories and requests for production of documents propounded by PIC some seven (7) months ago on March 18, 2010."[5]  Essentially abandoning the discovery process for this seven month period in favor of mediation efforts, PIC now declares that discovery issues should be expedited.[6]

This is not the first time the Court has been asked to intervene in discovery disputes, whether they involved the current parties or former party Zurich American Insurance Company. *See* docket entries [98][7] [114] [125] [135] [150].  While it may not be surprising that PIC and

---

[4]As the parties have themselves noted in their own submissions, the facts of this case have been recounted in prior orders and submissions and need not be repeated here.

[5]Notice of service of discovery occurred on March 22 (docket entry [92]).  LandCoast served notices of responses on May 14 (docket entries [151] and [152]) after being allowed an extension by [121] agreed order.  The motion to compel was filed October 18.  PIC also served second sets of requests for production and interrogatories on September 23, with LandCoast filing notice of responses to the second set of requests for production on November 5 [222].

[6]PIC wants the Court to dispose of its motion to compel "on an expedited basis," [193] at 1, 27 (repeated in its [224] reply at 1), while then allowing the passage of a mere week after the Court adjusted case deadlines (including those for expert designations) to request an extension of the expert designation deadlines.  Whether the game is played at a slow pace or a full court press–and at times simultaneously– is not going to affect the Court's decisions, the ultimate goals of which are to avoid overtime.

[7]In which the Court pointed out that no good faith certificate was filed in connection with motions [96] [97] to quash subpoenas, and which resulted in the withdrawal [108] of one of the motions to quash.  PIC's reference in the [192] motion to compel to "multiple amicable demands

2

LandCoast have failed to reach agreement dealing with electronically stored information (ESI)–a result for which they blame each other–PIC's hope that "one will be perfected, even at this stage in the litigation," [193] at 17, has no bearing on the Court's rulings.  The [77] Case Management Order ("CMO") made this clear and directed that the parties address such issues months ago:

> As this case will likely involve the production and retention of electronically stored information (ESI) as well as the production of records which may need protection from disclosure to other parties or other limitations, the parties are ordered and directed to confer within 10 days to address the issues or factors outlined in Uniform Local Civil Rule 26(e)(2) and to attempt agreement on the wording of a protective order.  Should the parties be unable to reach an agreement in good faith as to ESI issues or on the need for or wording of a protective order, any issues remaining in dispute should be raised via appropriate motion filed *on or before February 1, 2010*.  The court finds that the above deadlines are reasonable and necessary to ensure that disclosures and discovery will proceed without unreasonable delay. (Emphasis added).

A Stipulated Protective Order is in the record[8] and, *inter alia*, provides that it

> has been agreed to by the parties, and to the extent applicable the non-parties who have signed the declaration attached as Exhibit A, to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

[87] at 7 para. 11.

Two other provisions are worth quoting:

> Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."  However, the party seeking to use that information or materials must comply with the

---

[to LandCoast] to adequately supplement . . . discovery responses," is also a matter of concern with respect to the parties' good faith efforts to resolve the discovery disputes presently under consideration.

   [8]The original order [82], entered February 17, was amended [87] March 9.

provisions of this Order for the designation of such information or materials as "Confidential."

\* \* \*

In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party designating the information as Confidential may seek appropriate relief from this Court.  The party asserting confidentiality shall have the burden of proving same.

*Id.* at 7-8 (paras. 10,13).

Despite the Court's instructions regarding ESI disputes and the entry of a protective order designed to facilitate discovery of confidential or sensitive information, the current discovery disputes primarily involve these very issues.  The Court turns to the disputed discovery requests propounded by PIC and objected to by LandCoast.

## DISCUSSION

## INTERROGATORY NO. 1

Identify each Person(s)[9] who prepared, supplied information or Documentation for, or participated in any way with the preparation of the answering these discovery requests.  And for each such Person, please indicate with specificity the numbered discovery request to which the Person provided Documentation, information and/or assisted in answering.

LandCoast identifies Craig Marks, its Manager of Legal Affairs, and R. Michael Morton, its Chief Executive Officer, as primarily assisting in the response to all interrogatories.  LandCoast also points to "other information derived . . . as a result of [its] investigation of the November 4, 2008 collapse," from "PIC, its employees, counsel and experts, as well as

---

[9]The format of the original discovery [193]-1 is used throughout.

4

Mississippi Power Company, Patent Construction Systems[10] and the United States Department of Labor through the Occupational Safety and Health Administration, along with their respective employees and representatives . . ." PIC contends that LandCoast should provide the identities of all individuals assisting in answering PIC's discovery, not just those primarily assisting, and "[t]o the extent other fact witnesses or experts helped answer the questions about the scaffolding accident, PIC has the right to know who they are." [193] at 3.

The Court cannot help but observe that several of the interrogatories and requests for production invite objections because of obvious overbreadth, and several answers and responses seem designed to trigger a motion to compel. This observation applies equally to the parties as to interrogatory 1. Fed. R. Civ. P. 33(b)(1)(B) provides that "interrogatories must be answered . . . by any officer or agent [if the party is a public or private corporation, a partnership, an association, or a governmental agency] who must furnish the information available to the party." Under Fed. R. Civ. P. 33(a)(2), "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Following this direction, the portion of Rule 26(b)[11] relevant to the Court's analysis for interrogatory 1 reads:

> (1) Scope in General. [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . and the identity and location of persons who know of any discoverable matter . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

This is what PIC is entitled to know, yet rather than asking for it in a straightforward

---

[10]*See* Civil Action No. 1:08cv1429.

[11]Section (b) is entitled Discovery Scope and Limits.

manner, it asks for the names of anyone who supplied any information at any time that might

have been used to answer any question in a battery of interrogatories.  It did not ask for the

identity of fact witnesses or for those persons having discoverable knowledge.  Attestation

problems aside, [209] at 47 and discussion *infra*,  LandCoast has answered the impossible

interrogatory sufficiently.  Should PIC desire clarification or further follow-up, it may do so via a

deposition of LandCoast.  *See* Fed. R. Civ. P. 30(b)(6).  The motion to compel is **DENIED** as to

interrogatory 1.

## INTERROGATORY NO. 4

> Please identify and describe in detail any and all expert witnesses or third parties
> who have been retained, may be retained or specially employed by You in
> anticipation of litigation or preparation for trial but who is not expected to be
> called as a witness at trial, and please identify the Communications, Documents,
> Reports between You and such expert or third party, and/or the substance of the
> facts known or opinions held by said expert and the mailing address, e-mail
> address, phone number, employer and title of same.

> LandCoast objected on the authority of Fed. R. Civ. P. 26(b)(4)(B), which provides:

>> Expert Employed Only for Trial Preparation.  Ordinarily, a party may not,
>> by interrogatories or deposition, discover facts known or held by an expert
>> who has been retained or specially employed by another party in
>> anticipation of litigation or to prepare for trial and who is not expected to
>> be called as a witness at trial.

The information at issue may be obtained only "on showing exceptional circumstances under

which it is impracticable for the party to obtain facts or opinions on the same subject by other

means."  Fed. R. Civ. P. 26(b)(4)(B)(I).

PIC focuses on ESI under LandCoast's control that was lost by deletion and theft.[12]  PIC

---

[12]PIC does not discuss non-testifying experts in any other context, and the motion to
compel appears to have abandoned information on retained non-testifying experts other than
those in the field of information technology.

6

raises the potential imposition of sanctions against LandCoast.  PIC was aware of lost ESI at least as early as January 2010 [208]-3, followed in April by notification of a stolen laptop [208]-2.

On October 19, 2010 (the day after it filed the instant motion to compel), PIC took the deposition of Andrew Mozingo, an information technology expert retained by LandCoast to obtain the emails for LandCoast's computer server and employee laptops.  This occurred without Court intervention prior to or during the deposition.  Whether Mr. Mozingo testifies at trial or not, *see* discussion of interrogatory 5 *infra*, PIC, as the Plaintiff, has been able to "discover facts known or held by [a LandCoast] expert" as to ESI issues now deemed urgent by PIC.

Having taken Mr. Mozingo's deposition, PIC does not explain in its rebuttal how the information he provided is insufficient or otherwise leaves it in the dark over the circumstances of the deleted or missing emails.  Indeed, it appears to now take the position that his testimony clarifies the issues to the point where the Court should impose sanctions.

LandCoast having made Mr. Mozingo available for deposition and PIC presently unable to establish exceptional circumstances justifying further response to this interrogatory, the motion to compel is **DENIED** as to interrogatory 4.   Having so ruled, the Court does not suggest that this is necessarily the last word from the Court on the issues of missing information and the inferences or consequences, if any, which may result.  PIC is reminded that the Court was asked to rule on the sufficiency of an expert interrogatory and the Court declines to expand the scope of its analysis of the interrogatory to include all ESI issues which PIC might now desire to explore.

## <u>INTERROGATORY NO. 5</u>

Please identify each Person who You may call as an expert witness at the trial of this Action and describe in all possible detail the subject matter on which the expert is expected to testify, identifying:

7

a.   The expert's qualifications, resume, and *curriculum vitae*;

b.   The subject matter upon which the expert witness is expected to testify;

c.   A brief description of the fact and opinion testimony to be given by each such expert witness and the bases for those facts and opinions;

d.   Whether a written and/or recorded Statement and/or Report was taken from each such expert witness and if so, please attach a copy of such Statement and/or Report to Your answers to interrogatories;

e.   Whether this case was reviewed and/or discussed by You or Your representative with any such experts and if so, please give a brief resume of the discussion;

f.   All Communications to and from such experts;

g.   Any and all authoritative texts, publications and/or Documents upon which the expert relies or may rely; and

h.   Whether any expert witness may or will testify to a breach in the standard of care and/or negligence and/or any "standard in the industry" on the part of any party and All Facts and bases for his or her Report and/or those opinions and conclusions, including all authoritative texts, publications and/or Documents upon which they rely or may rely.

LandCoast objected on grounds that the interrogatory is overly broad, seeks information made in anticipation of litigation and that which is protected by the work product doctrine, and "[l]astly... LandCoast has not determined which consultants it may designate to provide expert testimony and render opinions in this matter [and] reserves the right to supplement this response."

PIC identifies four LandCoast experts retained among other purposes to examine and test noteworthy pieces of scaffolding involved in the accident underlying this cause of action.  PIC insists that "[t]o prepare the case for trial on the tight deadline schedule, [it] must depose any of these experts whose opinions [LandCoast] may offer at trial."  This reason is not sufficient.

Each party cannot insist that the other party be first to disclose experts.  Fed.R.Civ.P 26(a)(2)(C) provides that disclosures of expert testimony are to take place "at the times and in the sequence that the court orders."  In the CMO,  the Court established dates for the exchange of

such information and provided that the plaintiff would disclose its experts first [77].   PIC cannot

undo or thwart the provisions of the CMO via an interrogatory.  LandCoast shall provide an

expert report with the information required by the local rules, Fed. R. Civ. P. 26(a)(2) and the

CMO by the date set forth in the order (as amended [191]).  To the extent that the interrogatory

seeks to require otherwise, the motion to compel as to interrogatory 5 is **DENIED**.[13]

### INTERROGATORY NO. 6

> Please identify, attach and describe in all possible detail each and every
> Communication, e-mail, correspondence, or contact, whether written or oral,
> between You and PIC regarding this Action.

LandCoast objects on grounds of vagueness and overbreadth.  LandCoast also reasons

that the material should be in PIC's possession, and for its answer points to LandCoast's

production of ESI; disclosures of Core information; the log of privileged communications; and

all documents, communications, e-mail correspondence and contracts produced by anyone

connected to this litigation.

The Court agrees that this interrogatory is unreasonably broad, especially considering that

it asks for "all possible detail" of any communications between the parties.  Nevertheless, the

Court is of the opinion that PIC has a right to confirm that it has in its possession all

communications between it and LandCoast.  The motion to compel as to interrogatory 6 will be

**GRANTED IN PART** and **DENIED IN PART**, with LandCoast being required to specify the

written communications (in whatever form) in sufficient detail to enable PIC to locate and

identify them as readily as LandCoast can, or alternatively, to produce any records of

---

[13]As already alluded to, PIC's reference to a "tight deadline schedule" rings hollow when
it wishes to obtain information immediately (albeit seven months after propounding discovery
and five months after it was answered) and seek extensions for expert designations.

communications with LandCoast about this matter.  As to oral communications, the Court finds

the interrogatory to be unreasonably and unduly burdensome and the least efficient way to obtain

the information.  Accordingly, LandCoast will not be required to set forth or identify all oral

communications with PIC as requested in the interrogatory.  PIC may inquire as to oral

communications in depositions, if it so chooses, or it may propound an interrogatory about

specific communications or issues.

### INTERROGATORY NO. 9 AND REQUEST FOR PRODUCTION NO. 8[14]

Please identify and describe in all possible detail All Facts that support or refute
each (a) material allegation in PIC's Complaint and identify all Documents related
thereto and (b) Your affirmative defenses.  (For purposes of this interrogatory
"material allegation" means each allegation in PIC's Complaint and Amended
Complaint which was not unequivocally admitted in Defendant's Answer and/or
to which an Affirmative Defense was asserted by Defendants.)

All Documents related to, or that support or refute any allegation contained in
PIC's Complaint or PIC's Amended Complaint or which support or relate to Your
Answer or Afirmative Defenses, Cross-Claim(s) or Third Party Demand(s).

LandCoast deems these requests to require narrative responses that amount to contention

discovery.  PIC does not deny that interrogatory 9 is a contention interrogatory, and attempts to

justify its use under what is now Fed. R. Civ. P. 33(a)(2).[15]

PIC then cites three examples of LandCoast's [100] Answer for which LandCoast should

proffer facts, witnesses, or documents to support the position it takes in its Answer.  They are:

---

[14]PIC combines these in the motion to compel, although it does not discuss the request for
production.  They are so connected, however, that a substantive ruling will be issued as to each.

[15]The rule reads in part:  "An interrogatory is not objectionable merely because it asks for
a[] . . . contention that relates to fact or the application of law to fact, but the court may order that
the interrogatory need not be answered until designated discovery is complete, or until a pretrial
conference or some other time."  PIC acknowledges that the scope and timing of this type
discovery are governed by the Court's discretion.

LandCoast's Tenth Defense involving the role of certain tugger cables in the collapse of the scaffolding (*see* discussion of interrogatory 12 *infra*); PIC's alleged denial to LandCoast of access to Mississippi Power Company's Plant Daniel, the site of the accident (para. 21 of Answer); and LandCoast's denial that its employees used damaged equipment when erecting the scaffold system (para. 25 of Answer).  Unfortunately, PIC did not ask for these specific details in the interrogatory, but having received this clarification the Court will address these identified matters.

The Court will **GRANT** the motion **IN PART** and **DENY IT IN PART** as to interrogatory no. 9.  LandCoast shall produce any documents upon which it relies in support of its Tenth Defense (relating to "tugger cables"), in support of its claim that PIC denied it access to Plant Daniel to conduct its investigations, and in support of its denial that it did not use damaged scaffold equipment when erecting the scaffold system.  Additionally, LandCoast shall identify any persons with information supporting its position as to these three defenses or denials and provide a brief synopsis of the supporting information it believes is known or held by these persons.  While discovery is ongoing, LandCoast is nevertheless obligated to provide the information it presently possesses as to these three matters.

PIC provides no other reason or basis to require LandCoast to provide exhaustive written details relating to every allegation in the complaint or to answer a contention interrogatory at this time.  Accordingly, the remainder of the motion is denied with respect to interrogatory no. 9.

As to document request no. 8, the motion is **GRANTED** to this extent: LandCoast shall produce all documents upon which it relies to support any defenses it has raised or upon which it relies to refute any allegations in the complaint.  To the extent that the request demands more, the

motion is **DENIED**.

**INTERROGATORY NO. 12**

Please identify the content of and the Person to whom PIC, or anyone on its behalf, made any oral or written statement which constitutes an admission or a statement against interest as defined in the Rules of Evidence with reference to any claim or issue raised in this Action.

LandCoast did not object to this interrogatory.  Therefore, the Court is not presented with the question of whether the interrogatory is proper, but whether the answer is sufficient.  In the middle of a rather lengthy discourse on tuggers, LandCoast mentions "the testimony of one fact witness at the top of a scaffold" in connection with cables, platens, and tuggers.  PIC asserts that LandCoast must identify this "mysterious fact witness."[16]

The motion is **GRANTED** as to interrogatory 12.  LandCoast shall provide the name, address and telephone number of the "fact witness at the top of [the] scaffold" as set forth in its response to this interrogatory within 5 days.

**INTERROGATORY NO. 13 AND REQUEST FOR PRODUCTION NO. 12**[17]

As related to Your participation in the work and services related to this Action, please identify, attach and provide the following:
a.   The precise project/job/work/services Your [sic] performed and any and all Documents related to the same;

---

[16]The argument over this interrogatory highlights the Court's concern whether a good faith conference actually took place and if the good faith certificate is only submitted as window dressing to satisfy the local rules.  LandCoast may be technically correct that the testimony of this unidentified fact witness may or may not constitute an admission or statement against interest as contemplated by the interrogatory, but its blanket statement that "[a]s discovery is continuing in this matter until March 18, 2011, [it] will continue to seasonably supplement pursuant to the Federal Rules of Civil Procedure if and when further information responsive to this interrogatory is obtained" is evasive legal jargon which seems designed to delay providing the name of a witness in a timely manner.

[17]PIC also combined these.

12

b.     The time(s) and date(s) on which each task/project/job/work/services were performed and any and all Documents evidencing the same; and

c.     Invoices or other Documentation related to this Action and/or any task/project/job/work/services performed or contracted for or performed by You.

All documents related to or that support Your work or services performed related to this Action, including without limitation:

a.     All Documents related to the precise task/project/job/work/services you performed; and

b.     Invoices or other Documentation related to this Action and/or any task/projects/jobs/work/services performed or contracted by You.

While these are broad inquiries, LandCoast did not object on that ground.  Just as the breadth of some of PIC's requests invited objection, LandCoast's responses here invited a motion to compel.  Indeed, in this instance, LandCoast's responses are broader and more vague than the requests, for it objected "*to the extent* that [PIC] is in possession of the materials, witnesses, and information responsive to this Interrogatory as referenced in Interrogatory No. 6." (Emphasis added).  The only materials and information given in response to interrogatory 6 are ESI; Core disclosures; log of privileged communications; and a catch-all for other documents, communications, e-mail correspondence and contracts produced by any party or non-party to this cause of action.

LandCoast's use of the phrase "to the extent" in its response is both limiting and limitless.  The Court has no way of knowing the "extent" to which PIC may have some of this information and the parties appear unwilling to work together in good faith to obtain necessary

clarifications.[18]  The motion to compel as to interrogatory 13 and request for production 12[19] is

**GRANTED**.  LandCoast shall identify the work it performed, when and how it performed it, and

provide all related documentation as requested in interrogatory 13 and request for production 12.

<u>**INTERROGATORY NOS. 16 AND 17**</u>
<u>**AND REQUEST FOR PRODUCTION NOS. 19 AND 21**</u>[20]

> Interrogatory 16:  Please identify any Person(s) who have provided tax,
> accounting or audit services to You for the years 2007, 2008 and 2009.

> Interrogatory 17:  Please identify your Assets and Liabilities and net worth using
> general accounting principles.

> Request for Production 19:  Please identify and produce all Documents evidencing
> or related to Your assets.

> Request for Production 21:  Please identify and produce all you state and federal
> income tax returns, including the source documents used to prepare the returns,
> for the years 2007, 2008, 2009.

LandCoast objects to identifying persons providing financial services on the basis that it

is not relevant and not calculated to lead to the discovery of admissible evidence at trial.  The

only information sought is the identity of certain persons, and LandCoast will be required to

answer interrogatory 16.

LandCoast's primary objections as to its financial information center on timing and

---

[18]Oddly, even as the parties now complain about the pending case deadlines, they seem intent on using the remaining time to fight over petty issues like providing the names of witnesses and who has to go first in the expert designation process.

[19]While it is true that PIC "barely mentions" Request for Production No. 12, [209] at 19, interrogatory 13 is so interwined with it that it will not be considered abandoned.

[20]PIC mistakenly refers in its initial memorandum, [193] at 2, to interrogatories 19 and 21 which are document requests bearing these same numbers.  These interrogatories and requests for production all involve financial information from LandCoast. As these requests involve the same subject matter and the objections are similar, they are considered together.

scope.  It offers to produce to its own attorneys "in a sealed envelope information reflecting its

assets, liabilities and net worth for production if, and only if, a decision is made that LandCoast

. . . is guilty of . . . conduct for which a claim for punitive or exemplary damages is submitted to

the jury by this Honorable Court."  Based on the authority they cite, both parties indicate that

there are various ways to handle disclosure of assets, liabilities, and net worth.  This case

presents a range of issues from contractual indemnity to substantial property damage to potential

serious liability for  personal injury and death.  However, request for production 19 is

unreasonably broad,  requesting every piece of paper related to any asset of LandCoast for an

unlimited time period.  Accordingly, the motion to compel is denied as to this request.

Interrogatory no. 17 is also unlimited in time and scope and, therefore, unreasonably broad.

However, information regarding LandCoast's net worth is relevant and discoverable, although it

may not ultimately be admissible.  The motion will be granted in part and denied in part with

respect to this interrogatory.  LandCoast shall either identify its assets, liabilities and net worth as

requested for 2008 and 2009 or it shall produce its financial statements identifying its assets,

liabilities, and net worth for the years 2008 and 2009 (the years encompassing the accident and

this litigation).  This is not burdensome for LandCoast, and the disclosure of sensitive financial

information is subject to the [82] Stipulated Protective Order, as [87] amended.  The tax

information requested in request for production 21 is another story; PIC has offered no real

reason for it to be produced.

 In summary, the motion to compel as to interrogatory 16 is **GRANTED**.  The motion to

compel as to interrogatory 17 is **GRANTED IN PART** and **DENIED IN PART**.  The motion to

compel is **DENIED** as to request for production 19.  The motion to compel is **DENIED** as to

request for production 21.

## REQUEST FOR PRODUCTION NO. 5

Copies of all written or recorded Statements or testimony of any Person related to this Action.

LandCoast objected as follows:

The only written statements in possession of LandCoast are that of its employees that were taken following the incident in question, and the statements obtained by OSHA in its investigation of the incident in question, the latter of which are not public record and not otherwise susceptible to being discovered at this time. There are also written and/or recorded statements and testimony in the OSHA proceedings, as well as in the claims that are protected as being privileged, the same having been obtained in anticipation of litigation.

Boiled down to its core, LandCoast objects to producing statements that are part of the OSHA proceedings because they are not public record and "not otherwise susceptible to being discovered at this time." LandCoast objects to producing other statements claiming that they are work product. The Court considers each objection in turn.

As for OSHA materials, the fact that something is not a public record is not the standard for deciding whether it is discoverable. Nor is the fact that PIC may have OSHA material in its possession. Nor is the volume of the material or whether a mischaracterization of proceedings has been made by PIC. LandCoast's objection that the information is not "susceptible to being discovered" is too general to address. LandCoast has not made a sufficient showing to withhold production of OSHA documents in its possession. Accordingly, LandCoast shall produce the requested OSHA statements.

As for statements identified in LandCoast's [209] response (p.28) to the motion to compel, it may be true that they were "generated in anticipation of litigation and protected by

Attorney-Client privilege," but they are not listed in an easily identifiable manner on the privilege log.  Under Fed. R. Civ. P. 26(b)(3), the burden of proving that they are so protected is on the party seeking protection.  *See, e.g., Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985); *Conoco Inc. v. Boh Brothers Construction Co.*, 191 F.R.D. 107 (W.D. La. 1998)(indemnity case also discussing work product doctrine).  It is not the Court's function or duty to justify a privilege or hazard a guess as to its applicability.

Accordingly, LandCoast shall either produce the requested statements or, if it intends to withhold any statement on work product grounds, for each such statement it shall provide PIC the following information:

(1) the name of the person who gave the statement,

(2) the name of the person who took the statement,

(3) the date of the statement,

(4) the format of the statement (e-mail/electronic format, written, recorded, etc.),

(5) the custodian of the statement,

(6) the specific basis for contending the statement is protected by the word product doctrine, and

(7) the purpose for which the statement was taken.

If any of the identified statements are withheld on privilege grounds, the Court will address the production of specific statements following a good faith conference and submission of a supporting motion and brief addressing the particular statement at issue.

## REQUEST FOR PRODUCTION NO. 7

All Documents, Communications, correspondence, e-mail or contacts, whether written or oral, between You and any Person that is related to this Action.

LandCoast objects to this request as not limited in time or scope, as vague and ambiguous, and as unduly burdensome.  LandCoast also has particular difficulty with the phrase "related to this action."

The motion is **DENIED** as to this request.  It is difficult to conceive of a broader or more expansive document request.  Indeed, one can only wonder why PIC deemed it necessary to propound any other document requests given the scope of this one.  That a document request is broad in scope does not necessarily mean that it is improper. However, the expansive scope of this one is even wider than it first appears when one considers the definitions PIC has assigned to some of the terms of this document request.[21]  Apparently, PIC is unwilling to reduce the scope of the request which is broad enough to include LandCoast's lawyers' files, pleadings filed with the Court and anything else one might conceive.  The document request even calls for "oral" documents, the meaning of which is not clear.

For PIC to say that LandCoast should also identify the "universe" of responsive documents and the "universe" of privileged documents that could fall within this impossible request and then to prepare a privilege log is disingenuous and creates the impression that this document request is designed more to create unnecessary work than to acquire information to address the issues in this case.  PIC makes no effort to convince this Court why this request is needed to address any particular claim or issue.

---

[21]According to PIC's definitions in the discovery requests [193]-1, "'Relating to' and 'related to' shall mean concerning, evidencing, arising from, commenting on, responding to, showing, describing, analyzing, reflecting or constituting."  "'Action' shall refer to the allegations in PIC's Complaint & Exhibits, together with any amendments thereto, and shall refer to the claims and defenses in Your Answer, Cross-Claim(s) and/or Third Party Demand(s), if any, or those of any other party, if any."

Given the scope of the request as well as the other expansive discovery requests from PIC

dealing with specific issues, LandCoast's response is sufficient.  The motion is **DENIED** as to

this document request.

## REQUEST FOR PRODUCTION NO. 13

Please product [sic] copies of all litigation/legal hold letters issued in relation to
this incident.

LandCoast references verbal hold notices issued after the accident, which was followed

by electronic notification which it claims it attached to its original response (and ostensibly

attaches to the response to the motion to compel as PIC requested). However, try as it might, the

Court can find no such confirming emails attached to the responses that meet this description,

although given the mountain of materials submitted, it could have overlooked it.  PIC's

submissions indicate a similar difficulty in locating the email(s) as it continues to demand the

terms and conditions allegedly set forth in the email(s).  The email(s) are not identified by bates

number.

PIC's motion is **GRANTED** as to this request and LandCoast is directed to identify (with

specificity) and produce the email or emails confirming any litigation hold.

## REQUEST FOR PRODUCTION NO. 14

In accordance with the Court's Order(s) and/or the Joint protocol for discovery of
Electronically Stored Information entered or to be entered by the Court, which are
incorporated and made part hereof *in extenso,* please produce all ESI, meta-data
and Microsoft Outlook ".pst" files (or similar equivalent) for e-mail accounts of
the following Persons, which may or do contain Communications, e-mails and/or
Documents related to this Action, from January 1, 2008 to present:
[What follows is a list of 32 names]

LandCoast's objection points to vagueness and the protection of the attorney-client

privilege and the work product doctrine.  This gives rise to PIC's mention of the parties' failure

to agree on a final ESI order between the parties.  The parties were directed in the CMO to bring

any unresolved ESI issues to the court via motion on or before February 1, 2010. They did not do

so.  The parties' submissions make clear that efforts were made to arrive at an agreed protocol for

the discovery of ESI.  However, no agreement was ever reached.  Such agreements are desirable

in that they allow for uniform rules to govern ESI discovery, applicable to both parties, and allow

the parties to craft a procedure which fits the needs of the case as well as the technology and

software they employ in their respective businesses.  Throwing the issue entirely on the Court is a

recipe for disaster. The parties having chosen to proceed in this fashion, the Court will rule with

the information it has.

        As an initial matter, the document request presupposes that an ESI order or some agreed

protocol was reached.  The opening clause of the document request (through *in extenso*) is,

therefore, inapplicable.

        All the back and forth about ESI and its parameters aside, it appears that LandCoast's

primary objections are that many of the persons listed had no connection with the job at issue

thereby making their emails irrelevant and unnecessary for discovery purposes and that some of

those listed did not maintain email accounts.  LandCoast's response attached correspondence

which makes clear that the parties had a number of discussions attempting to limit the request to

those persons involved in the job at issue and to provide other clarifying information.  PIC's

angst over "the other 30 people" from whom it desires emails appears unjustified in light of the

rather clear email from Mr. Matt Williams, counsel for LandCoast, dated August 27, 2010,

specifically confirming which of the 32 people at issue worked on the project, had email

20

accounts, etc.  The letter did not resolve all questions, however, and the response itself has not been supplemented.

On the other hand, LandCoast's breezy observation that discovery will proceed for another five months is no reason why it should be excused from producing any responsive emails now, especially considering that the request has been pending for seven months. The relevancy of the information is not challenged as to those persons who worked on the job at issue[22] and the parties have ceded any ESI calls to the Court.

The motion will be **GRANTED** with respect to this request.  LandCoast's observations that some of the employees listed did not work for the company at the time or did not work on this job can be explained in a supplemental response, though the concern in this regard is lost on the Court.  If certain employees listed did not work for the company or have email or did not work on this job, then it would not appear that they would have many (or any) emails "related to this Action" as requested by PIC and, if that is true, LandCoast should supplement its response to say so.  Certainly, confirming that employees have none of the requested information is not an undue burden as suggested by LandCoast.  Likewise, complaints over privileges can be addressed by supplementing the privilege log if privileged information is found in the records. Accordingly, LandCoast shall produce the emails or other ESI *related to this action* as requested in the interrogatory.

**REQUEST FOR PRODUCTION NO. 15**

Please identify and produce a copy of any written protocols and/or description in

---

[22]As the request is limited to ESI, emails, etc. related to this action, it would appear that such information would be relevant regardless of whether the person possessing it was a key player (or a player at all) on the job.

the manner(s) used to search and gather the ESI and Meta-Data regarding the
Persons named in the request immediately above, and any Documents related to
any vendor, expert or other Person who assisted with the gathering of such
Documents, ESI and/or meta-data.

LandCoast responded that it, "by and through a retained computer forensic specialist,

Andy Mozingo, retrieved all ESI related to this action from the company issued laptops of Craig

Marks and Donnie Sullivan. Additionally, Mr. Mozingo retrieved the ESI related to this action

from LandCoast's network server."

Now that PIC has deposed Andy Mozingo, LandCoast represents that it "has no materials

responsive to the demands made in Plaintiff's Memorandum for this Request that were not

produced in Mr. Mozingo's deposition . . ." PIC does not address this in its reply (other than to

continue charging spoliation of evidence). The motion to compel as to request for production 15

is **DENIED**.

## REQUEST FOR PRODUCTION NOS. 16 AND 17[23]

Please identify and produce all Documents evidencing or related to personnel
files, I-2 forms,[24] and training files for the decedent and the injured workers from
the accident subject of this Action.

Please identify and produce all Documents evidencing or related to Your internal
policies or practices involving hiring employees generally, and also those specific
policies and practices involving foreign workers, immigrant labor or non-
American employees.

On the first matter, LandCoast objects on grounds that personnel files contain sensitive

and proprietary information which it is not authorized to disclose. The Court can certainly direct

disclosure of relevant information in discovery and will do so in this instance. Privacy and

---

[23]Both involving LandCoast's employees and combined by PIC.

[24]This should read I-9, which is an employment eligibility verification form.

confidentiality concerns have already been addressed by the parties and the Court in protective orders entered in this matter.  Orders [82] [87].  LandCoast's other objection, the relevancy of the information, is overruled.  The training and work history of the workers at issue is placed at issue in the pleadings.  See Amended Complaint [93], p. 7.  Accordingly, the motion is **GRANTED** as to Request for Production no. 16.

The second matter, as covered in Request for Production no. 17, calls for records regarding LandCoast's general hiring practices.  LandCoast objects arguing that the request calls for information outside the scope of permissible discovery in this case. PIC's motion and brief do not provide any specific justification for this request.  As the request does not appear to be calculated to lead to the discovery of admissible evidence or otherwise relevant to any particular claim or defense, the motion is **DENIED** as to Request for Production no. 17.

Having addressed the various specific requests in the motion, the Court turns to the bevy of other miscellaneous matters included in it.

## PRIVILEGE LOG AND ESI

LandCoast is correct that the motion to compel discovery as it relates to the privilege log and ESI is not covered by the Good Faith Certificate, since PIC's demand letter does not address either of these subjects.  By the same token, the fact that LandCoast has recently retained new counsel is no excuse for a failure to resolve discovery issues.

However, the Court is not going to enter this fray in a vacuum attempting to address issues not first addressed by the parties.  Some issues, however, have been addressed before and, given the pending case deadlines, the Court will address them.

The first issue regards the propriety of withholding information relating to the "medical

diagnosis and treatment" of the injured or deceased workers." LandCoast's objections primarily center around privacy concerns which are addressed in the protective orders of record. Moreover, the Uniform Local Rules allow parties to file sensitive documents under seal. This objection does not prevent production of the records. These records must be produced.

The second issue relates to emails to and from Landry, Harris, & Co. The Court has addressed this issue before and its opinion in this regard has not changed. *See* Order [125]. LandCoast suggests that the emails at issue may actually have been produced and that had there been a good faith conference as required, this issue might be resolved at least in part. In its response filed over two weeks ago, LandCoast promised the Court that it would undertake a good faith review of the emails and update its privilege logs. No further report has been provided despite its position (and that of PIC) that other discovery issues are of an emergency or urgent nature. *See* [193] [226]. Nevertheless, the Court agrees with LandCoast that a good faith conference should first be required to address the production of the Landry Harris emails as well as the Third-Party emails (the third issue regarding the privilege log) referenced on page 25 of PIC's memorandum brief [193]. The motion to compel will be denied as premature with respect to these two matters. The attorneys for the parties are directed to confer in good faith, in person, by November 23, 2010 with respect to these disputed documents in an attempt to reach a resolution. Any remaining disputes should be addressed by written motion filed by November 30, 2010.

The fourth issue relates to "documents otherwise privileged but nonetheless discoverable." While the heading is cryptic, what PIC seeks is clear: the drug test results of Galvan, Sanchez and Guillen referenced on page 47 of LCI's privilege log. LandCoast has

objected, essentially for the reasons asserted in its objection to request for production no. 16. The Court has previously rejected those objections *supra* and, accordingly, the test results should be produced as to these individuals.

## IN CAMERA REVIEW

Without conducting a good faith conference and without any real justification, PIC invites the Court to conduct an *in camera* review of anything withheld by LandCoast on grounds of privilege.  The Court declines.  While *in camera* review is sometimes appropriate, the Court will do so only when there is a specific reason and need to do so and only after it is clear that good faith efforts have failed.  Even then, the review is of discrete documents–generally of needles, not haystacks.

## ATTESTATION

LandCoast has agreed to provide the proper attestation required to its responses to interrogatories.  Accordingly, the motion is granted in this regard and the attestation shall be provided on or before November 30, 2010.

## TIMING

LandCoast objects to producing records within 3 days as requested by PIC.  The Court agrees that this time is too short.  LandCoast once again observes that discovery is open until March of 2011.  However, that deadline is for future discovery efforts.  The matters at issue here have been pending for months and responses are due promptly.  Production of many records herein may affect other case deadlines. Accordingly, unless otherwise specified herein, any answers to interrogatories or to the requests for production of records, as well as production of the records, must be served and completed by November 30, 2010.

**<u>MISCELLANEOUS</u>**

LandCoast's [210] Motion to File Memorandum Brief in Excess of Limitations of Uniform District Court Rules is **GRANTED**.  LandCoast's [220] Motion to File Supplement to Memorandum Brief is **GRANTED.**

Finally, PIC has not shown good cause why the Court should revisit its [191] Order on Motion to Amend Case Management Order.  The ongoing discovery taking place is encouraging, but the conclusory assertions contained in the motion (apparently intended to provide grounds missing from the first request [187]) do not establish good cause to move the case deadlines yet again.  PIC complains of deleted emails, but draws no real connection between the deleted emails and its ability to designate experts timely.  Indeed, the issue of deleted emails has been known for months and cannot be used as a basis for further extensions. PIC's [211] Motion to Extend Plaintiff and Defendant Expert Deadlines is **DENIED**.

**SO ORDERED** this the 18th day of November, 2010.

s/ Michael T. Parker
United States Magistrate Judge

26