IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PIC GROUP, INC.                                                                                           PLAINTIFF

vs.                                                               CIVIL ACTION NO. 1:09-cv-662-KS-MTP

LANDCOAST INSULATION, INC. and
ZURICH AMERICAN INSURANCE CO.                                                      DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter came before the Court on a Motion for Partial Summary Judgment [Doc. # 156] (May 18, 2010), filed on behalf of Defendant LandCoast Insulation, Inc. After considering the motions, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises, the court entered its Memorandum Opinion and Order [Doc. # 177] denying the motion, but requesting additional briefing on the limited issue of whether LCI was obligated to purchase and maintain an insurance policy that covered the liability LCI assumed under the indemnification clause.

      Under applicable Georgia law, an indemnity provision that would otherwise violate § 13-8-2 will be held enforceable when "the insurance clause shifts the risk of loss to the insurance company regardless of which party is at fault." *McAbee*, 178 Ga. App. 496, 498, 343 S.E.2d 513 (1986) (citing *Tuxedo Plumbing & Heating Co., Inc. v. Lie-Nielson*, 245 Ga. 27, 28-29, 262 S.E.2d 794 (1980); *see also* O.C.G.A. § 13-8-2(b). In the contract at issue, LCI agreed to "indemnify, save harmless, . . . and defend" PIC and MPC against all claims "arising out of, resulting from, caused by, or in connection with . . . personal injury or death." The issue is whether LCI was contractually required to purchase insurance that covered all personal injury or death, including the injury or death of one of LCI's employees, no matter which party was at fault. The Court holds that LCI was required to purchase insurance that covered all the liability assumed under the

indemnification provision and therefore the indemnification provisions are enforceable under Georgia law.

The insurance provision requires that LCI purchase "comprehensive general liability insurance protecting [LCI], PIC, and [MPC] against liability for damages because of injuries, including death, suffered by persons *other than employees of [LCI]*, damages to property, *and the contractual liability assumed by [LCI] under this Agreement and any Purchase Order* arising from and growing out of any products and operations of [LCI] in connection with the performance of this Agreement or any Purchase Order." Upon initial reading, it appears that the insurance required is not coextensive with the indemnification provision because of the exclusion to coverage for LCI's employees' injury or death. However, the contract does require LCI to purchase workers compensation insurance. While the workers compensation policy would cover liability from death and injury of an LCI employee caused by LCI, the comprehensive general liability insurance provision requires LCI to obtain insurance covering "contractual liability assumed by Subcontractor under this Agreement and any Purchase Order" which arguably fills the gap between the liability assumed under the indemnification provisions and insured under the insurance provisions.

The Georgia district court in the *Federal Paper* decision came to a similar conclusion regarding the affect of an insurance provision requiring coverage of contractual liability. *See Federal Paper Board Co., Inc. v. Harbert-Yeargin, Inc.*, 53 F. Supp.2d 1361,1373-76 (N.D. Ga. 1999). That court stated:

> By inserting the term "contractual liability" into the insurance provision of section 26.4, plaintiff argues that the parties intended the mandatory insurance contemplated by section 26.4 to cover the contracted for liability pursuant to the indemnification agreement. Accordingly, plaintiff asserts that the insurance provision would cover defendant for any liability incurred by plaintiff pursuant to

> the indemnification provision, regardless of which party was determined to be negligent for the underlying injury. *See also Southern Guar. Ins. Co. v. Zantop Int'l Airlines, Inc*., 767 F.2d 795, 798 n. 3 (11th Cir.1985) ("just as an insured may obtain coverage for his own legal liability, he may agree to indemnify another against liability imposed upon that other by law and obtain insurance coverage to provide against that contingency").
>
> The Court finds plaintiff's argument persuasive. Pursuant to binding Georgia precedent, the Court must construe the indemnification provision together with the insurance provisions " 'to ascertain the intention of the parties, and to this end the whole contract must be considered.' " *McAbee Construction*, 178 Ga.App. at 498, 343 S.E.2d at 515 (quoting *Hull v. Lewis*, 180 Ga. 721, 180 S.E. 599 (1935)). By including the mandatory insurance provision of section 26.4, the parties intended to shift the risk of loss to defendant's insurance company, regardless of which party was at fault for any prospective injury. The term "contractual liability" utilized in section 26.4 solidifies this intent. The term, as defined in the industry, is insurance covering obligations undertaken pursuant to a contract. *See Southern Guar. Ins. Co.*, 767 F.2d at 798 n. 3; *see also* 7A John A. Appleman, Insurance Law and Practice, § 4497.02 (rev. ed.1979).

*Id.* at 1374-75.  This interpretation of the contract gives due meaning to each part of the contract, leaving no part as mere surplusage.  Construing the contract at issue as a whole, the parties demonstrated their intent for LCI to maintain comprehensive general liability insurance covering any liability that was assigned to them under the indemnification provision, that was not already covered by the workers compensation policy.

IT IS THEREFORE ORDERED AND ADJUDGED that LCI's request for a declaratory judgment finding the indemnity provisions void and unenforceable is **denied**.  The Motion for Partial Summary Judgment [Doc. # 156] filed on behalf of LandCoast Insulation, Inc., is hereby **denied.**

SO ORDERED AND ADJUDGED this the 22nd day of November, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE