IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PIC GROUP, INC.**                                                                   **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:09–CV–662–KS–MTP**

**LANDCOAST INSULATION, INC.**                                       **DEFENDANT**

## ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion to Enter Final Declaratory Judgment [254].

On September 1, 2010, the Court entered a Memorandum Opinion and Order [177] addressing Defendant's Motion for Partial Summary Judgment. *See PIC Group, Inc. v. LandCoast Insulation, Inc.*, 718 F. Supp. 2d 795 (S.D. Miss. 2010). Defendant argued that an indemnity provision contained within its Subcontractor Agreement with Plaintiff was void and unenforceable. *Id.* at 798. The pertinent issue was whether the indemnity provision – by reference to its plain language, rather than its application to the case's particular circumstances – violated Georgia public policy. *Id.* at 801. Specifically, the Court was tasked with determining whether the indemnity provision broadly covered any claims between the parties, such that Plaintiff would receive indemnity from Defendant in circumstances where the loss was caused solely by Plaintiff's negligence. *Id.* at 801-02. Under Georgia law, such indemnity provisions are void and unenforceable. *Id.* (citing *World Championship Wrestling v. City of Macon*, 493 S.E.2d 629, 631 (Ga. 1997); *Nat'l Candy Wholesalers v. Chipurnoi, Inc.*, 350 S.E.2d 303, 305-06 (Ga. 1986); *Frazer v. City of Albany*, 265 S.E.2d 581, 583 (Ga. 1980)).

The Court observed that the indemnity provision covered "all claims . . . arising out of,

resulting from, caused by or in connection with" five numbered circumstances. *Id.* at 802. The contract contained a severability clause which created "separate, distinct and cumulative obligations which apply in five (5) particular circumstances." *Id.* Of the five circumstances listed, one was not contrary to Georgia public policy – Defendant's requirement to "indemnify, save harmless and, at [Plaintiff's] sole option defend [Plaintiff]" against all claims arising out of "Sub-contractor's breach of this Agreement or any Purchase Order." *Id.* at 802-03. Therefore, the Court found that provision – Subsection (ii) – to be valid and enforceable. *Id.* at 802.

However, the Court further noted that Georgia law provides that an indemnity provision which otherwise violates Georgia public policy would be enforceable if the contract also includes an insurance clause which "shifts the risk of loss to the insurance company regardless of which party is at fault." *Id.* at 803 (quoting *McAbee Constr. Co. v. Ga. Kraft Co.*, 343 S.E.2d 513, 515 (Ga. 1986)). After receiving supplemental briefs from the parties, the Court found that the insurance clause required Defendant to purchase insurance that covered all liability assumed under the indemnification provision. *PIC Group, Inc. v. LandCoast Insulation, Inc.*, No. 1:09–CV–662–KS–MTP, 2010 U.S. Dist. LEXIS 123766, at *3 (S.D. Miss. Nov. 22, 2010). Therefore all subsections of the indemnity provision are enforceable under Georgia law. *Id.* Accordingly, the Court denied Defendant's Motion for Partial Summary Judgment. *See PIC Group, Inc.*, 718 F. Supp. 2d at 804; *PIC Group, Inc.*, 2010 U.S. Dist. LEXIS at *6.

On December 21, 2010, Plaintiff filed a motion [254] requesting that the Court enter a final declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure. Therein, Plaintiff represented that Defendant and its excess insurer refused to indemnify it as required by the Subcontractor Agreement. Plaintiff noted that the Court had denied Defendant's

Motion for Partial Summary Judgment, finding that the indemnity provision of the Subcontractor Agreement was valid and enforceable. Plaintiff further noted that it had prayed for a declaratory judgment in its favor on this very issue in its Complaint. Therefore, Plaintiff argued that entry of a final declaratory judgment on the issue would encourage the speedy resolution of this matter.

In response [265], Defendant argued that granting Plaintiff's motion would cause the piecemeal resolution of this matter. Defendant represented it would likely appeal the Court's decision regarding the enforceability of the indemnity provision. Defendant also argued that the Court would still be required to address Plaintiff's negligence and breach of contract claims and further noted that the Court had not heard any evidence regarding the damage claims which Plaintiff contends are covered by the indemnity provisions. Therefore, Defendant contends that converting the denial of partial summary judgment into a final judgment would not hasten the conclusion of this litigation.

This Court possesses "plenary power over interlocutory judgments." *Vaughn v. Mobil Oil Exploration & Producing Southeast, Inc.*, 891 F.2d 1195, 1197 (5th Cir. 1990). In the Court's opinion, it would be imprudent to enter a declaratory judgment on the indemnity issue at this time. Plaintiff's negligence and breach of contract claims remain unaddressed. Furthermore, while the Court may have determined that the indemnity provisions of the Subcontractor Agreement were enforceable, there has been no decision regarding the amount of damages for which Defendant must indemnify Plaintiff.

While Plaintiff urges that an entry of declaratory judgment would bring the case to a speedy close, Defendant represented that, in the event the Court entered a final declaratory judgment on this issue, it would pursue an appeal. In the event of such an appeal, it is highly unlikely that this matter

would come to a speedy close. Furthermore, in the Court's experience, it is unlikely that the appellate court would accept an interlocutory appeal in these circumstances. *See Sherri A.D. v. Kirby*, 975 F.2d 193, 201 (5th Cir. 1992) (district court's decision is final only when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment). Therefore, if the Court were to enter a final declaratory judgment and Defendant were to appeal it, whatever time was expended pursuing such an appeal would likely be for naught.

The Court has an obligation to manage its docket in a manner to "avoid piecemeal appeals, which . . . conserves 'judicial energy' and may help to eliminate delay." *Kirby*, 975 F.2d at 201 (quoting *Catlin v. United States*, 324 U.S. 229, 233-34, 65 S. Ct. 631, 633-34, 89 L. Ed. 911 (1945)). The course of action requested by Plaintiff would likely delay the resolution of this matter. While Plaintiff suggests that an entry of declaratory judgment will aid it in the defense of other lawsuits stemming from the scaffolding collapse, the Court's present concern is this case, and, in any event, the Court believes that all the parties will be better served by a full and speedy adjudication of this matter. Remaining unconvinced that Plaintiff's Motion to Enter Final Declaratory Judgment [254] would hasten such a resolution, the Court **denies** the motion.

**SO ORDERED AND ADJUDGED** on this, the 11th day of February, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE