IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PIC GROUP, INC.                                                    **PLAINTIFF**

vs.                                               CIVIL ACTION NO. 1:09-cv-662-KS-MTP

LANDCOAST INSULATION, INC. and
ZURICH AMERICAN INSURANCE CO.                                     **DEFENDANTS**

**MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT ON PIC'S CLAIMS FOR ATTORNEYS FEES**

Comes Now LandCoast Insulation, Inc. (Hereinafter "LandCoast") by and through its

attorneys of record, and files this its Brief in Support of Motion for Partial Summary Judgment

on Attorneys Fees, asking the Court to rule that PIC Group Inc.'s (Hereinafter "PIC")claims for

attorney fees fail as a matter of law due to lack of proof; and to order and adjudge that LandCoast

is not responsible for additional attorney's fees incurred on PIC's behalf in defense of Mississippi

Power Company (Hereinafter "MPC") due to a reservation of rights by PIC's insurer Sompo

Japan Insurance Company of America (Hereinafter "Sompo"). In support of its motion, LandCoast

would show the following, to-wit:

**FACTS AND PROCEDURAL HISTORY**

As this matter has been extensively briefed on many occasions, the Court is well aware of

the issues involved in this case and a lengthy recitation of the facts and history will be avoided.

LandCoast does wish to inform the Court of several facts which are essential to this Motion

however.

PIC is claiming significant attorney fees from LandCoast in this cause. The fees sought

have been generated by the Frilot firm who has represented PIC in the investigation of the

collapse, the defense of PIC, and in pursuing this claim against LandCoast. Fees are also claimed

as a result of Baker Donelson's representation of MPC in the *Galvan* case. Finally, significant fees were generated by the Balch and Bingham firm representing MPC during the investigation of the collapse and as *Moeler* counsel defending MPC in the *Galvan* case.

According to the most recent report of PIC's accounting expert, Charles Theriot, the total damage claim being asserted by PIC is in excess of $4,958,279.74. (See supplemental report of Charles Theriot attached as Exhibit "A"). A significant portion of this nearly $5 million claim is attorney and expert fees totaling $2,212,878.77. [1] During the course of discovery in this matter, PIC has failed to provide any type of proof as to the reasonableness or relatedness of a significant component of the attorney fees. Additionally, the only proof as to attorneys' fees offered by PIC has been copies of invoices showing the fees incurred, no time records or detailed summaries of legal fees have been provided.

Essentially, PIC has been unable or unwilling to show what portion of the attorney fees are attributable to the defense of claims against PIC as opposed to fees incurred in the prosecution of the claim against LandCoast. PIC has also failed to show with any specificity how any of its alleged attorney fees are reasonable. As discovery has now closed, without PIC providing any proof of the relatedness of the attorneys' fees being claimed, PIC's demand for payment of much of the attorneys' fees should be denied as a matter of law due to lack of proof. Furthermore, LandCoast has been prejudiced in preparing a defense to the attorney fee claim because of the total lack of documentation provided by PIC during discovery.

---

[1]Note that the initial report prepared by Mr. Theriot had the attorney and expert fees listed at $1,674,767.30. (See Exhibit "B")

## LAW AND ARGUMENT

Rule 56 of the Federal Rules of Civil Procedure governs the granting of summary judgment motions. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." F.R. Civ. P. 56.

The issues submitted to the Court in this matter are particularly well suited to be decided on summary judgment. They require only a review the applicable law and the materials which have been provided in discovery, or more importantly, the materials which have not been provided in discovery.

### Georgia law regarding awards of attorneys fees

PIC's claim for attorney fees is based on the contract between it and LandCoast which the Court has held is enforceable. Furthermore, this Court has held that Georgia law applies to the interpretation of the contract. Pursuant to Georgia law, in order to recover attorney's fees, the amount of the fees has to be determined with some precision, the "determination of the amount of an award of attorney's fees cannot be based on guesswork." *Southern Cellular Telecom v. Banks*, 433 S.E. 2d 606 (1993). [2]In the instant case, the contract between LandCoast and PIC allows PIC to recover attorney fees incurred in the defense of claims against it or its customer

---

[2]The Defendant understands that the Plaintiff has made a claim for punitive damages in the instant case. While the Defendant believes that the punitive damage claim will ultimately be determined to be without merit, it is only requesting the Court to rule on the attorney's fees as a portion of the compensatory damage claim in the instant motion. However, as a practical matter, the Plaintiff's lack of proof as to the attorneys fees should preclude recovery in either circumstance.

- 3 -

MPC. (See subcontract agreement between LandCoast and PIC attached as Exhibit "C" to Motion

for Summary Judgment).

> 16. **Indemnification**. Subcontractor agrees to indemnify, save harmless and, at
> PIC's sole option, defend PIC, Customer [MPC], their respective parents,
> subsidiaries, affiliates, subcontractors (other than [LCI]) and each of their
> respective directors, officers, employees, agents, representative, successors and
> assigns from and against all claims, demands, damages, costs, losses, liabilities,
> causes of action, suits, fines, penalties and expenses (including reasonable
> attorneys' fees through final appeal), whether at law, in equity, or administrative
> in nature, in any manner arising out of, resulting from, caused by or in connection
> with: (I) this Agreement or any Purchase Order, (ii) Subcontractor's [LCI's] breach
> of this Agreement or any Purchase Order, (iii) personal injury or death, (iv)
> property damage, or (v) violation of federal, state or local law, regulation, rule or
> ordinance pertaining to the Work.

As can be seen in the indemnification language the only fees that are recoverable by PIC

are those fees incurred in the **defense** of claims against it or its customer Mississippi Power

Company. To that end, LandCoast concedes that the fees attributed to the Baker Donelson firm,

the firm selected by PIC's insurer Sompo to defend MPC against claims arising from the

scaffolding collapse, are most likely recoverable in a judgment against it, accordingly, LandCoast

is not making a request to disallow the Baker Donelson fees in this Motion. However, LandCoast

reserves the right to raise an objection as to the reasonableness of these fees at a later time.

Even though some of the fees incurred by PIC which are discussed above are potentially

recoverable, PIC still bears the burden of proving all elements of its claim at trial. "In other

words, to justify an award of attorney's fees, a party must put forth evidence that describes with

sufficient particularity how his attorneys spent their time." *Otero v. Vito*, 2007 U.S. Dist. LEXIS

34053 citing *Paul v. Destito*, 550 S.E.2d 739, 749 (Ga. Ct. App. 2001). Accordingly, PIC bears

the burden of proving its damages including the relatedness of the attorneys' fees and the

reasonableness of those fees.  In the instant case based on materials made available in discovery, PIC cannot succeed in meeting its burden.

In cases discussing the award of attorney's fees, the Georgia courts have made clear that the fees have to be proven with some specificity. In *Destito*, the Court of Appeals of Georgia, affirmed a trial court's ruling that attorneys' fees had not been sufficiently proven despite testimony at trial by plaintiff's counsel regarding the number of hours he and various attorneys had spent on the case and their hourly rates. "We agree with the trial court that Destito presented insufficient evidence from which a jury could reasonably calculate his litigation expenses. He offered no billing records or other evidence describing, with any particularity, how the attorneys spent their time. Furthermore, much of counsel's knowledge and testimony about 'work performed by others would be hearsay and would not support an award of attorney fees.' Destitio also did not separate out expenses incurred defending against CPI's counterclaim, which are not recoverable..." *Destito at 749.*

Similarly, Mississippi courts have held that in cases where attorneys' fees are appropriate, they can only be awarded when there is specific proof of the fees. *Romney v. Barbetta*, 881 So.2d 958, 962 (Miss. App. 2004) *citing A&F Properties, LLC v. Lake Caroline, Inc.,* 775 So.2d 1276 (Miss. App. 2000).

With discovery in this matter now closed, PIC has failed to provide essential evidence regarding its claims for attorney fees. In particular, PIC has not provided any billing records or other documentation to show how any of the claimed expenses were related to the defense and investigation of the claims against PIC or MPC. While the only legal fees recoverable by PIC are those incurred in defense of claims against it and MPC, it would appear from a review of the

- 5 -

materials that at least a portion, if not a significant portion, of the fees claimed were incurred in prosecution of the case against LandCoast rather than in defense of claims. Pursuant to Georgia law, the expenses incurred in prosecuting the case against LandCoast are not recoverable pursuant to the indemnity agreement. "In order for Citadel to recover under the indemnity agreement, it must show the fees it claims are reasonable and prove them 'with sufficient particularity to permit the [jury] to distinguish between time and expenses attributable to [recoverable fees for the XLR-plate counterclaim] and time and expenses attributable to [nonrecoverable fees incurred in enforcing the indemnity agreement].'" *Citadel Corp. v. All-South Subcontractors, Inc.*, 458 S.E.2d 711, 713 (Ga. App. 1995).

For an illustration of this issue, one need only look at the extremely lengthy docket report in the instant case (currently bearing 322 entries)and compare the docket report to the dates of many of Frilot LLC's invoices. By way of partial illustration of LandCoast's position, PIC was dismissed from the personal injury suit related to this action and titled *Galvan v. Mississippi Power Co., 1:10-cv-00159-KS-MTP,* on September 27, 2010. At present, the only matter pending which should require a significant expenditure of legal resources in PIC or MPC's defense is the *Galvan* matter.[3] As PIC's involvement in the *Galvan* matter has come to a conclusion it is difficult to comprehend how they would incur significant legal expenses since September 27, 2010.

A review of the recent supplemental report by Mr. Theriot indicates that since September

---

[3]It bears repeating that while MPC remains a defendant in the *Galvan* matter, MPC currently is being defended by not one, but two law firms, Baker Donnelson and Balch and Bingham. For a further discussion of the issues regarding MPC's defense please see *infra.* Additionally, it bears mentioning that LandCoast has asserted a counterclaim against PIC for breach of contract regarding its termination from the MPC job, however the issues involved in the counterclaim are a small portion of the overall case.

27, 2010, Frilot, LLC has submitted invoices for legal fees on several occasions: November 9,

2010 ($34,757.36); November 17, 2010 ($42,096.48); January 13, 2011 ($85,103.99); January

14, 2011 ($71,556.86); March 18, 2011 ($37,188.14); March 18, 2011 ($56,221.03); and an

undated bill for $69,208.46. PIC submits that these fees are defense related costs, however, it has

failed to provide any support for this assertion through any documentary evidence. A review of

the docket sheet in the instant case shows that the period of time encompassed by the invoices

discussed was a period of substantial activity in the instant case with the docket showing 187

entries at the time of PIC's dismissal from the *Galvan* and 315 entries as of March 18, 2011.

　　To further illustrate LandCoast's position, the instant action was filed by PIC on September

9, 2009, nearly a year after the subject collapse. While there were arguably still activities taking

place related to the investigation of the collapse or to preparing to defend claims that could be

made against PIC and MPC, it would seem that at the least, significant time would need to be

spent on prosecuting the case against LandCoast. Since September 9, 2009, Frilot, LLC has

submitted the following invoices: (1)October 31, 2009 ($6,322.50); (2) September 30, 2009

($10,989.11); (3) December 31, 2009 ($21,402.45); (4) January 7, 2010 ($15,714.34); (5) January

31, 2010 ($36,936.80); (6) March 19, 2010 ($31,891.00); (7) March 31, 2010 ($101,296.22); and

(8) June 3, 2010 ($98,523.97). Importantly, there has been no attempt by PIC to provide any

documentation as to the relatedness, or reasonableness of these legal fees to the defense of *any*

claims against either PIC or MPC.

　　Prior to the filing of PIC's Fifth Supplemental Disclosures, which incidentally were filed

beyond the discovery deadline and are presently the subject of a Motion to Strike, PIC failed to

even identify any witness that could discuss the relatedness of any of the legal fees to the defense

of claims or to the reasonableness of the fees. Additionally, PIC has failed to timely designate an expert witness, or any witness, to give testimony regarding their claimed attorney fees. In fact, despite numerous supplements to their disclosures and to their discovery responses, PIC has failed to provide any of this evidence. The only witness timely disclosed that can provide any testimony regarding the claimed attorney's fees is the previously mentioned Mr. Theriot.

During Mr. Theriot's deposition of March 4, 2011, he was asked about the breakdown of attorneys' fees. (See deposition of Charles Theriot attached as Exhibit "D").

Q. Let me ask you about attorney fees. What are attorney fees are being claimed based on your understanding?

A. Basically my understanding is that it's three firms. It's the Frilot firm, which is representing PIC Group. It is Baker Donelson that was appointed by Sompo to represent Mississippi Power. And then it is Balch and Bingham, who are what are termed *Moeller* counsel for Mississippi Power, which I understand to be attorneys retained directly by Mississippi Power to represent them in addition to Baker Donelson.(Page 47 line 21 through Page 48 line 6).

Q. Can you tell me if part of this attorney fee claim regarding the Frilot firm includes fees associated with filing the lawsuit against LandCoast and pursuing damages?

A. I can't tell you that specifically. Basically, my understanding is the expenses that we have claimed related to that are the expenses paid by Sompo. (Page 53 line 4-12).

PIC has made no attempt to show how any of the fees are related to defending any claim. PIC has failed to show what work was performed by any of its attorneys, the amount of time that was spent or the fee for that time. Further there has been no evidence that the time invested, or the fee was reasonable. PIC has simply provided invoices which provide the amount of money they claim was spent on attorneys fees and demanded that the amount be reimbursed.

Accordingly, LandCoast is entitled to summary judgment on the issue of attorneys fees

incurred by PIC from the Frilot firm. Therefore, LandCoast submits that PIC's claims for attorney's fees in the amount of $1,028,824.09 be disallowed from consideration by the jury as a matter of law.

**Fees incurred by MPC's *Moeller* counsel should not be taxed against LandCoast**

As discussed briefly above, in accordance with PIC's contractual duties to MPC, PIC's insurer has provided defense counsel to defend MPC. However, the insurer, Sompo Japan, has provided the defense counsel only under a reservation of rights. In *Moeller v. American Guar. & Liab. Ins. Co.,* 707 So. 2d 1062, 1069 (Miss. 1996), the Mississippi Supreme Court held that when an insurer provides a defense under a reservation of rights the party being provided a defense is entitled to have additional defense counsel of the parties choosing and at the insurer's cost.

In the current matter, Sompo Japan issued a reservation of rights to MPC. (See letter from Walter Dukes to Paul Delcambre forwarding Sompo's Reservation of Rights letter attached as Exhibit "E") MPC then elected to retain the firm of Balch and Bingham as its *Moeller* counsel. Based on the materials in Mr. Theriot's supplemental report, LandCoast is being asked to pay attorneys fees generated by Balch and Bingham of approximately $124,516.01. These fees are in addition to the fees incurred by Sompo's retained firm, Baker Donelson, of $88,071.57.

While LandCoast does not dispute that it can be held accountable for the reasonable attorneys fees incurred in MPC's defense, it does dispute that it should be held accountable for paying for two sets of attorneys for MPC. "In determining an appropriate amount of attorney's fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed. *Rees v. Rees, 193 So. 334 (1940).* This is the case even more so when the coverage situation

- 9 -

which spawned the need for separate defense counsel was entirely of Sompo's creation. LandCoast should not have to pay the Balch and Bingham fees and PIC's claim for the same should be dismissed.

## CONCLUSION

Based on the foregoing, LandCoast's Motion for Partial Summary Judgment should be granted and LandCoast is entitled to have attorneys fees generated by the Frilot firm for which no documentation has been provided disallowed from consideration by the jury at trial. Additionally, LandCoast is entitled to judgment as a matter of law that it is not responsible for the additional attorney fees generated in defense of MPC by virtue of Sompo's reservation of rights.

RESPECTFULLY SUBMITTED, this the ___1st___ day of April, 2011.

<div style="margin-left:40%">

**LANDCOAST INSULATION, INC., DEFENDANT**


BY:   S\ *Edward C. Taylor*_____
       OF COUNSEL

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2011, I electronically filed the foregoing *Memorandum Brief in Support of Motion for Partial Summary Judgment on PIC's Claims for Attorneys Fees* with the Clerk of the Court using the ECF system and I have served this document by ECF system to:

> Allen J. Krouse, Esq.
> akrouse@frilot.com
> Campbell E. Wallace, Esq.
> cwallace@frilot.com
> Toni Ellington, Esq.
> tellington@frilot.com
> Frilot, LLC
> 3700 Energy Centre
> 1100 Poydras Street
> New Orleans, LA 70163-3700

> This the _1st_ day of April, 2011.

<div style="text-align: right;">

S\ *Edward C. Taylor*
OF COUNSEL

</div>

EDWARD C. TAYLOR - BAR #9043
etaylor@danielcoker.com
NANCY SIPLES BRUMBELOE - BAR #99896
nbrumbeloe@danielcoker.com
CHRISTOPHER H. MURRAY - BAR#102779
cmurray@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
1712 15TH STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE:  (228) 864-8117
FACSIMILE:   (228) 864-6331
4504-122553 ECT/NSB/kld