**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**PIC GROUP, INC.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:09cv662-KS-MTP**

**LANDCOAST INSULATION, INC.** **DEFENDANT**

**ORDER**

Presently before the Court are several motions, including Defendant LandCoast Insulation, Inc.'s (LandCoast) [322] Motion for Protective Order; LandCoast's [323] Motion to Strike Witnesses and Information Contained in Plaintiff PIC Group, Inc.'s (PIC) 5th Supplemental Rule 26 Disclosures; LandCoast's [368] Motion to Strike Information Contained in PIC's Sixth Supplemental Rule 26 Disclosures; and PIC's [380] Motion to Amend Complaint.

The [322] Motion for Protective Order is **GRANTED**. LandCoast objects to answering Requests for Admissions propounded by PIC on the same day as the discovery deadline. *See* L. U. Civ. R. 26(b)(1) ("Counsel must initiate discovery requests . . . sufficiently in advance of the discovery deadline date to comply with this rule, and discovery requests that seek responses . . . that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown."). As the requests deal with authenticity of known documents and ultimate issues of liability unrelated to the Special Master's Report and Recommendation, PIC has not established good cause for the tardy requests for admissions.

The [323] Motion to Strike Witnesses and Information Contained in PIC's 5th Supplemental Rule 26 Disclosures is **DENIED.** This supplementation relates predominantly to attorney fees and expenses, which are ongoing and which are central to PIC's indemnity claim. LandCoast will not be prejudiced by this additional information. During the telephonic status

conference, counsel for LandCoast requested leave to take the deposition of PIC's lead counsel on the fees and expenses issues.  That request will be granted and LandCoast is hereby granted leave to schedule and complete the deposition.

The [368] Motion to Strike Information Contained in PIC's Sixth Supplemental Rule 26 Disclosures is likewise **DENIED** for the same reasons.  LandCoast will not be prejudiced by allowing the disclosure of this material.

The [380] Motion to Amend Complaint is **GRANTED**.  However, contrary to PIC's citation of the familiar language of Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave to [amend] when justice so requires," the Fifth Circuit has "ma[d]e [it] clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.  Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enterprises, LLC v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).  *See also Holy Trinity St. John the Theologian Greek Orthodox Church v. Paramount Disaster Recovery*, 2009 WL 2242650 (S.D. Miss. 2009) (deadline passed to join additional parties; good cause found to allow amendment).

PIC represents that the purpose for the amendments is to add its current insurer (Sompo Japan Insurance Company of America) as the real party in interest and delete all references to Zurich American Insurance Company (which was dismissed [179]).  Although there appears to be other minor changes to the language of the [93] Amended Complaint, LandCoast offers no objection to the request.  Additionally, LandCoast advised the Court that no discovery will be needed if the amended complaint is allowed.  PIC shall file its amended complaint on or before

July 5, 2011.

    **SO ORDERED** this the 27th day of June, 2011.

<u>s/Michael T. Parker</u>
United States Magistrate Judge
