**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PIC GROUP, INC.**                                                                                **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 1:09–CV–662–KS–MTP**

**LANDCOAST INSULATION, INC.**                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is Defendant's Motion for Partial Summary Judgment on Attorney's Fees [327]. For the reasons stated below, the motion is denied.

**I. STANDARD OF REVIEW**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists,

"the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

The parties are well aware of the factual and procedural history of this matter, and the Court will not retread that ground. Briefly: Plaintiff seeks to recover a variety of attorney's fees, including fees incurred enforcing the indemnity provision of the Subcontractor Agreement, fees incurred defending against other cases arising from the scaffolding collapse, and fees incurred by *Moeller* counsel in the *Galvan* case. In its motion for partial summary judgment, Defendant addresses three primary issues: 1) whether Plaintiff may recover attorney's fees incurred in enforcing the Subcontract Agreement's indemnity provision; 2) whether Plaintiff may recover for attorney's fees incurred by MPC for *Moeller* counsel in *Galvan*; and 3) whether Plaintiff has presented sufficient proof to support its claims for attorney's fees.

## II. FEES INCURRED IN ENFORCING THE INDEMNITY PROVISION

Defendant argues that Plaintiff can not recover fees incurred in prosecuting this case because the indemnity provision did not specifically provide that Plaintiff could recover fees incurred in enforcing the Subcontractor Agreement. In the present case, the contract provides:

> Subcontractor [LandCoast] agrees to indemnify, save harmless and, at PIC's sole option, defend PIC, Customer [Mississippi Power Company], their respective parents, subsidiaries, affiliates, subcontractors (other than Subcontractor [LandCoast]) and each of their respective directors, officers, employees, agents, representative, successors and assigns from and against all claims, demands, damages, costs, losses, liabilities, causes of action, suits, fines, penalties and expenses (including reasonable attorneys' fees through final appeal), whether at law,

>in equity, or administrative in nature, in any matter arising out of, resulting from, caused by or in connection with: (i) this Agreement or any Purchase Order, (ii) Subcontractor's [LandCoast's] breach of this Agreement or any Purchase Order, (iii) personal injury or death, (iv) property damage, or (v) violation of federal, state or local law, regulation, rule or ordinance pertaining to the Work.

Georgia courts enforce the unambiguous provisions of a contract without considering whether they are "fair" or "good policy." *Thornton v. Ga. Farm Bureau Mut. Ins. Co.*, 695 S.E.2d 642, 647 (Ga. 2010).[1] The "cardinal rule" of contract interpretation is to "ascertain the intention of the parties." *Page v. Baylard*, 642 S.E.2d 14, 16 (Ga. 2007). Accordingly, if a provision within a contract is "clear, unambiguous, and capable of only one interpretation as written, the provision's plain meaning must be strictly enforced." *Id.* However, if the terms of an indemnity provision are ambiguous, it should be strictly construed against the indemnitee. *Newton's Crest Homeowners' Ass'n v. Camp*, 702 S.E.2d 41, 47 (Ga. App. 2010); *see also Graphic Arts Mut. Ins. Co. v. Essex Ins. Co.*, 465 F. Supp. 2d 1290, 1296 (N.D. Ga. 2006).

The terms of the indemnity provision are clear and unambiguous. Defendant is required to indemnify Plaintiff for any costs or expenses arising out of, resulting from, caused by or in connection with the Subcontractor Agreement or Defendant's breach thereof. The provision is so broad that fees accrued in enforcing it clearly fall within its scope, as they are costs or expenses in connection with the Subcontractor Agreement or Defendant's breach thereof.

Defendant cites *Citadel Corp. v. All-South Subcontractors, Inc.*, 458 S.E.2d 711, 713 (Ga. App. 1995), in support of its argument that Plaintiff may not recover fees accrued in enforcing the indemnity provision. In *Citadel*, a subcontractor contracted with a contractor to build a roof. *Id.* at

---

[1]The Court already held that the Subcontractor Agreement should be construed in accordance with Georgia law. *PIC Group, Inc. v. LandCoast Insulation, Inc.*, 718 F. Supp. 2d 795, 799 (S.D. Miss. 2010).

737-38. The contract included an indemnity provision: "[Subcontractor] shall indemnify, hold harmless and defend [Contractor] against all claims, damages, losses and expenses, including attorney fees, arising out of [Subcontractor's] Work under the Subcontract . . . ." *Id.* at 738 (punctuation omitted). The Georgia court held: "This provision, however, does not provide for recovery of attorney fees and expenses incurred to enforce the indemnity agreement. Consequently, [Contractor] is not entitled to recover such costs." *Id.*

The key difference between *Citadel* and the present case is the language of the respective indemnity provisions. The language of the provision in this case is substantially broader, covering "costs" and "expenses" which are merely "in connection with" the Subcontractor Agreement or Defendant's breach thereof. In contrast, the language of the indemnity provision in *Citadel* only covered losses or expenses arising out of the subcontractor's work under the contract. *Id.*

Defendant apparently argues that, under Georgia law, an indemnity provision does not cover attorney's fees incurred to enforce the provision unless the contract includes a clause which explicitly addresses such fees, rather than a general clause addressing all expenses or costs incurred in connection with the contract or any breach of the contract. *Citadel* does not provide support for that argument, and Defendant has not cited any Georgia law which does.

In *SRG Consulting, Inc. v. Eagle Hosp. Physicians, LLC*, 640 S.E.2d 306, 309 (Ga. App. 2006), the Georgia Court of Appeals noted that "the purpose of an indemnity clause in a contract is not to protect the parties to the contract from legal action by each other to enforce the contract." While this statement appears to support Defendant's argument here, the bulk of the *SRG Consulting* opinion supports the strict construal of an indemnity provision according to its clear and unambiguous terms – even if the language is broad enough to encompass the enforcement of the

4

provision itself.

Eagle, a marketing company, asserted a counterclaim against SRG, a consulting company, seeking indemnification for two lawsuits SRG initiated in different jurisdictions. *Id.* at 307-08. The Georgia court held that "clear and unambiguous" language in an indemnity provision should be enforced "as written," and – applying general rules of contract construction – it concluded that the contract did not require SRG to indemnify Eagle for the other two lawsuits. *Id.* at 309. The indemnity provision at issue only covered costs related to the marketing services provided under the contract, and the other two lawsuits concerned Eagle's liability for commissions from the sale of medical care and management services. *Id.* Further, the contract included a provision which allocated the attorney's fees and costs incurred in enforcing the agreement to the breaching party, and the court held that the appropriate course of action would be to seek recovery under the attorney's fee provision, rather than the indemnification provision. *Id.* To construe the contract otherwise would "render[] a portion of the contract meaningless." *Id.* Therefore, while the Georgia Court of Appeals observed that indemnity provisions are not typically meant to cover enforcement of the provisions themselves, the actual basis of its decision regarding indemnification was the unambiguous language of the contract.

The terms of the indemnity provision in the present case are broad enough to encompass the cost of enforcing the provision itself.[2] Defendant has not cited any Georgia law indicating that parties may not draft indemnity provisions broad enough to include such expenses. The Court's research

---

[2]The Court also notes that "Georgia law defines indemnity as the obligation or duty resting on one person to make good any loss or damage another has incurred by acting at his request or for his benefit." *Lanier at McEver, L.P. v. Planners & Eng'rs Collaborative, Inc.*, 663 S.E.2d 240, 242 (Ga. 2008) (punctuation omitted). This definition is broad enough to encompass the cost of enforcing the indemnity provision itself.

indicates that the unambiguous terms of the indemnity provision control its scope, despite the fact that such provisions do not typically cover the costs of their own enforcement. *See SRG Consulting*, 640 S.E.2d at 309.[3] Therefore, barring other factors which may affect recovery, Plaintiff may recover attorney's fees and other costs incurred in enforcing the indemnity provision of the Subcontractor Agreement.

### III. FEES FOR MOELLER COUNSEL

The Baker Donelson law firm is defending Plaintiff and Mississippi Power Company ("MPC") in the *Galvan* matter pursuant to Plaintiff's indemnity obligations to MPC. Plaintiff's insurer, Sompo Japan ("Sompo"), issued a reservation of rights letter to MPC in relation to *Galvan*. Accordingly, MPC retained the Balch and Bingham law firm as its *Moeller* counsel in that case.[4] Defendant does not dispute that it can be held accountable for reasonable attorney's fees incurred in MPC's defense in *Galvan*. Rather, it argues that fees attributable to MPC's *Moeller* counsel are not reasonable. Defendant also argues that fees attributable to MPC's *Moeller* counsel do not arise from the scaffolding accident or the Subcontractor Agreement. Rather, Defendant argues that fees for *Moeller* counsel arise from a coverage dispute between MPC and Sompo. Defendant cites no law whatsoever in support of these arguments.

Under the Subcontractor Agreement's indemnification provision, Defendant is obligated to indemnify both Plaintiff and MPC for all costs or expenses arising out of, resulting from, caused by,

---

[3]*See also Weyerhauser Co. v. Lambert*, No. 1:05-CV-1144-JEC, 2007 U.S. Dist. LEXIS 71550, at *43 (N.D. Ga. Sept. 26, 2007) (holding that the express language of an indemnity provision did not limit its scope to third-party claims).

[4]*See Moeller v. American Guar. & Liab. Ins. Co.*, 707 So. 2d 1062, 1069 (Miss. 1996) (holding that a party is entitled to have additional defense counsel of their choosing at the insurer's expense when the insurer provides a defense under a reservation of rights).

or in connection with the Subcontractor Agreement, Defendant's breach of the Agreement, property damage, personal injury, or death. This language is obviously broad enough to encompass fees paid to *Moeller* counsel, as such fees are in connection with Defendant's alleged breach of the Subcontractor Agreement, property damage, personal injury, or death. Therefore, the real issue is whether such fees are reasonable.

Under Mississippi law when an insurer undertakes the defense of its insured while reserving its right to deny coverage, it must permit the insured to "select its own counsel for those claims outside the coverage of the policy," and it is responsible for the reasonable legal expenses incurred in defense of such claims. *Moeller*, 707 So. 2d at 1071; *see also Hartford Underwriters Ins. Co. v. Found. Health Servs.*, 524 F.3d 588, 598 (5th Cir. 2008). *Moeller* has been the law in Mississippi for almost fifteen years. It is reasonable for a party being defended by an insurance company under a reservation of rights to retain *Moeller* counsel. Indeed, the Mississippi Supreme Court noted that a law firm chosen and hired by an insurer to defend claims against an insured under a reservation of rights "offers no defense at all." *Moeller*, 707 So. 2d at 1071. Under the Subcontractor Agreement, Defendant is obligated to defend MPC against all claims arising from property damage, personal injury, death, or Defendant's breach of the Subcontractor Agreement. If the law firm selected and hired by Sompo to represent MPC in *Galvan* provides "no defense at all" under Mississippi law, then fees incurred by MPC in retaining *Moeller* counsel are reasonable – barring the presence of other factors affecting reasonableness.

### IV. EVIDENCE OF REASONABLENESS AND NECESSITY

Finally, Defendant argues that Plaintiff has not presented sufficient evidence to support any claim for attorney's fees. On June 27, 2011, the Court entered an order [392] denying Defendant's

Motion to Strike [323] certain witnesses and information in Plaintiff's Fifth Supplemental Rule 26 disclosures, and denying Defendant's Motion to Strike [368] information contained in Plaintiff's Sixth Supplemental Rule 26 disclosures. The Court noted that the supplemental information related to attorney's fees and expenses, which are ongoing and central to Plaintiff's indemnity claim. Accordingly, the Court granted Defendant leave to schedule and complete a deposition of Plaintiff's lead counsel on the issues of fees and expenses. Therefore, Defendant's argument regarding the sufficiency of Plaintiff's evidence regarding the reasonableness and necessity of attorney's fees is premature, as discovery has not been completed on the issue.

## VI. CONCLUSION

For all the reasons stated above, Defendant's Motion for Partial Summary Judgment as to Attorney's Fees [327] is denied.

SO ORDERED AND ADJUDGED this 29th day of June, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE