**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**PIC GROUP, INC.,**                                                          **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 1:09-CV-662-KS-MTP**

**LANDCOAST INSULATION, INC.**                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

The Court now considers Plaintiff's Motion for Attorney Fees [399]. For the reasons stated

below the motion is **granted in part and denied in part**. Plaintiff submitted a request for $69,811

in attorney's fees incurred due to Defendant's failure to comply with its discovery obligations. The

Court awards Plaintiff $40,790.17 in attorney's fees.

**I. DISCUSSION**

The background of this matter was discussed at length in the Court's Memorandum Opinion

and Order [396] of July 7, 2011. *PIC Group, Inc. v. LandCoast Insulation, Inc.*, No. 1:09-CV-662-

KS-MTP, 2011 U.S. Dist. LEXIS 73342 (S.D. Miss. July 7, 2011).

**A.      *Standard of Review***

As the first step in determining the amount of attorney's fees to award, the Court must

"determine the compensable hours from the attorneys' time records, including only the hours

reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). Then, the Court "must

select an appropriate hourly rate based on prevailing community standards for attorneys of similar

experience in similar cases." *Id.* The Court then multiplies the number of compensable hours by the

hourly rate to produce the "lodestar" amount. *Id.*

1

After determining the lodestar amount, the Court may adjust it to account for a variety of factors. *Id.* at 320. The pertinent factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 320 n. 6 (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)). When applying the *Johnson* factors, the Court should "be careful, however, not to double count a *Johnson* factor already considered in calculating the lodestar . . . ." *Id.* at 320. The Court must also "explain with a reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the *Johnson* factors was applied." *Id.* Upward adjustments to the lodestar based on the *Johnson* factors "are proper only in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings . . . ." *Id.*

In the present case, Plaintiff's attorneys billed $69,811.00 in fees purportedly related to Defendant's discovery abuses. All of Defendant's objections pertain to whether the hours are compensable.

**B.    *Specific Items Billed by Frilot Firm***

First, the Court will address Defendant's objections to specific items billed by the Frilot firm. After addressing the objections, the Court will tally the total amount of fees, if any, to be deducted as non-compensable from the total amount submitted by Plaintiff.

| 12/7/10 | TJE | Review supplemental document production by LCI to edit Motion for Sanctions | 2.50 hrs. | $400.00 |
|---------|-----|---------------------------------------------------------------------------|-----------|---------|

2

Defendant argues that Plaintiff would have incurred fees for review of discovery materials regardless of whether Defendant timely produced them. In response, Plaintiff claims that the fees above were charged for review that was specifically related to the motion for sanctions. Defendant's objection is overruled, as this is a reasonable expense. Plaintiff's counsel could not effectively draft a motion for sanctions without assessing the extent of Defendant's compliance with its discovery obligations.

| 12/8/10 | TJE | Review of ESI submitted with supplemental disclosure | 2.80 hrs. | $448.00 |
|---------|-----|------------------------------------------------------|-----------|---------|

Defendant objected to this entry on the same basis as the previous one. Unlike the previous entry, this one does not contain any indication that the work specifically pertained to the motion for sanctions. Therefore, Defendant's objection is sustained.

| 1/14/11 | TJE | Correspondence re: reply deadlines | 0.30 | $48.00 |
|---------|-----|-----------------------------------|------|--------|

Defendant objects to this entry on the basis that it is vague and exhibits no relation to the ESI issues in this case. In response, Plaintiff claims that the billing statement was inadvertently cut off during copying. Defendant's objection is sustained. Regardless of the reason, the record contains no evidence that this entry was related to the ESI issues in this case. On January 14, 2011, there were multiple motions awaiting Plaintiff's reply, at least one of which – Plaintiff's Motion for Declaratory Judgment [254] – did not concern ESI issues.

| 1/14/11 | DPC | (PIC Recovery Action) Telecon to Ed Taylor re: discovery matters, subpoenas to ex-LCI employees and motion for extension of time to file reply briefs on the motion for sanctions, motion for court appointed forensic expert and motion to enter final declaratory judgment | 0.50 hrs. | $80.00 |
|---------|-----|--------|-----------|--------|

Defendant objects to this entry on the basis that it reflects matters unrelated to ESI issues. Defendant also argues that Plaintiff would have had to subpoena ex-LCI employees regardless of Defendant's failure to comply with discovery obligations. The entry pertains to a telephone conference about five matters: 1) discovery issues; 2) subpoenas to ex-LCI employees; 3) an extension of time related to the motion for sanctions; 4) an extension of time related to the motion for a court-appointed expert; and 5) an extension of time related to the motion to enter a final declaratory judgment. The subpoenas and the extension of time for a reply brief on the motion to enter final declaratory judgment are not related to discovery issues. Therefore, the Court will only award 0.30 hours of the 0.50 hours billed.

| 1/14/11 | DPC | (PIC Recovery Action) Research local rules re: motions for extension of time | 0.30 | $48.00 |
|---------|-----|-----------------------------------------------------------------------------|------|--------|

Defendant objects to this entry on the basis that there is no indication that it is related to the ESI issues in this case. Plaintiff filed a motion for an extension of time [270] to file a reply brief on its motion for sanctions and motion to appoint a computer forensics expert on January 14, 2011. Therefore, this fee was related to the ESI issues in this case. Defendant's objection is overruled.

| 1/28/11 | DPC | (PIC Recovery Action) Review PIC's second supplemental discovery to LCI and notices of service re: additional ESI from PIC that has not been produced but is potentially responsive | 0.50 hrs. | $80.00 |
|---------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------|--------|

Defendant objects to this entry on the basis that Plaintiff's counsel would have had to review materials produced during discovery regardless of their timeliness. In response, Plaintiff claims that this review was necessary to prepare the Motion for Sanctions. There is no indication within this entry that these fees were incurred specifically for the motion for sanctions. Therefore, Defendant's objection is sustained.

| 2/10/11 | DPC | (Galvan) Prepare corr. to Jimmy Heidelberg re: Judge Parker's ruling re: protective order re: LCI's deleted ESI | 0.10 hrs. | $16.00 |
|---------|-----|----------------------------------------------------------------------------------------------------------------|-----------|--------|
| 2/10/11 | DPC | (Galvan) Review corr. from Jimmy Heidelberg re: Judge Parker's ruling re: protective order re: LCI's deleted ESI | 0.10 hrs. | $16.00 |
| 3/4/11 | AJK | Prepare correspondence to M. Alexander regarding Order appointing Craig Ball as Special Master | 0.10 hrs. | $22.50 |
| 3/4/11 | DPC | (Galvan) Prepare correspondence to Mark Alexander and A. Allison regarding Order from District Judge Starrett re: Special Master Craig Ball and LCI's deletion of ESI | 0.20 hrs. | $32.00 |

These entries represent work done in other cases. Accordingly, Defendant's objections to them are sustained.

| 3/4/11 | AJK | Prepare correspondence to D. Rountree regarding Order appointing Craig Ball as Special Master | 0.10 hrs. | $22.50 |
|--------|-----|----------------------------------------------------------------------------------------------|-----------|--------|
| 3/4/11 | DPC | (PIC Recovery Action) Prepare report to Dirk Rountree, Emilio Diego and James Deaver regarding Order from District Judge Starrett re: Special Master Craig Ball and effect on potential settlement with LCI's excess carrier, ACE Winchester | 0.30 hrs. | $48.00 |
| 3/16/11 | TJE | Draft letter to client on summary of call with special master | 1.50 hrs. | $240.00 |
| 4/8/11 | TJE | Draft letter summarizing call with Special Master from Client | 1.80 hrs. | $288.00 |
| 4/11/11 | TJE | Edit letter to client on call with Special Master | 0.50 hrs. | $80.00 |
| 4/11/11 | AJK | Review and revise report to client – ESI | 0.50 hrs. | $112.50 |
| 4/27/11 | AJK | Prepare correspondence to J. Deaver – Special Master interim Report | 0.10 | $22.50 |

Defendant objects to these entries on the basis that they represent correspondence between Plaintiff and its attorneys. It is reasonable to expect Plaintiff's attorneys to communicate with it

5

regarding the status of the ESI dispute. These communications would not have been necessary if not for Defendant's failure to comply with its discovery obligations. Therefore, Defendant's objections are overruled.

| 4/11/11 | TJE | Discussion with A. J. Krouse re: strategy for reopening discovery | 0.40 hrs. | $64.00 |
| 4/20/11 | TJE | Research on reopening of discovery as sanctions for spoliation | 1.00 hrs. | $160.00 |

Defendant objects to these entries because it claims that it was already in the process of supplementing its ESI productions at the time these fees were incurred, and that the fees were therefore unnecessary. Defendant's objection is overruled. Plaintiff would not have been forced to seek the Court's intervention if not for Defendant's failure to comply with its discovery obligations. Regardless of whether Defendant had begun to comply with its obligations, it was reasonable for Plaintiff to prepare to seek the Court's intervention.

| 3/16/11 | mkt | coordinate with L. Spooner for possible supplemental production of metadata | 1.00 hrs. | $75.00 |
| 4/12/11 | ldt | Review of prior disclosures and discovery responses of LCI for all ESI provided to date | 1.80 hrs. | $135.00 |
| 4/13/11 | ldt | Continue review of prior disclosures and discovery responses of LCI for all ESI provided to date | 0.80 hrs. | $60.00 |
| 4/15/11 | AJK | ESI review – LCI | 2.50 hrs. | $562.50 |
| 4/15/11 | mkt | Receive link to ESI download from LandCoast; access and download .zip archived file of first production; extract files and upload to review platform; quality control check for accuracy and compliance with agreed upon production protocol | 1.60 hrs. | $120.00 |
| 4/16/11 | AJK | LCI ESI review sample format | 1.50 hrs. | $337.50 |
| 4/18/11 | AJK | LCI ESI review | 1.50 hrs. | $337.50 |

| 4/18/11 | mkt | Receive link to second attempt at production of ESI from LandCoast via email; access production at FTP site and download zip archive containing same; extract production images, natives and load file from zip archive and edit load file for review platform; upload production and quality control check for compliance with agreed upon production protocol | 1.20 hrs. | $90.00 |
|---------|-----|---------|-----------|--------|
| 4/20/11 | ldt | Continued review of e-mails produced by LCI in prior disclosures and discovery responses | 2.10 hrs. | $157.50 |
| 4/26/11 | AJK | Receive and review LCI first ESI production | 2.40 hrs. | $540.00 |
| 5/12/11 | AJK | Review LCI Privilege Logs regarding Special Master Report | 1.70 hrs. | $382.50 |

Defendant objects to the above entries because Plaintiff would have incurred these fees regardless of whether Defendant timely complied with its discovery obligations. The Court agrees. Even if Defendant had fully complied with its discovery obligations, Plaintiff's counsel would have still reviewed these materials and addressed the technical issues surrounding data transfer. Defendant's objection is sustained.

| 6/18/11 | TJE | Review of prior filings for draft of response to LCI's opposition to report of special master | 1.00 hrs. | $160.00 |
|---------|-----|---------|-----------|--------|
| 6/20/11 | TJE | Draft Memorandum in Support of Rebuttal to Response to LCI's Opposition to Special Master's final report | 2.30 hrs. | $368.00 |
| 6/21/11 | TJE | Revise Memorandum in Support of Rebuttal to Response of LCI to Report of Special Master | 1.50 hrs. | $240.00 |
| 6/21/11 | TJE | Finalize Rebuttal to Response of LCI to Report of Special Master | 0.50 hrs. | $80.00 |
| 6/22/11 | AJK | Review and revise Rebuttal Memorandum - Motion to Adopt Special Master Report - Sanctions | 0.50 hrs. | $112.50 |

Defendant objects to these entries on the basis that the Court disallowed any further submissions regarding the Special Master's report and recommendations during its June 16, 2011,

hearing. Defendant is correct. The Court specifically asked the parties whether they had any further evidence or argument regarding the Special Master's report and recommendations. The parties had none, and the Court deemed the time for submissions to be closed. Accordingly, Defendant's objection is sustained.

Therefore, after reviewing Defendant's objections to these specific items, the Court finds that the following items are not compensable: 1) 8.40 hours submitted by Toni J. Ellington; 2) 1.1 hours submitted by David P. Curtis; 3) 10.2 hours submitted by Allen J. Krouse; 4) 3.8 hours submitted by Margery D. Thomas; and 5) 4.7 hours submitted by Lisa D. Towler. These non-compensable items represent $4,452.50 of the $69,811.00 in fees submitted by Plaintiff.[1]

## C.    Galloway's Hours

Plaintiff submitted 15.4 hours of work by Robert Galloway from the Butler Snow law firm. Plaintiff hired Galloway as local counsel in this matter and argues that it required Galloway to review the correspondence and reports in this matter and familiarize himself with the Special Master's investigation. Defendant argues that all of the fees submitted by Galloway are duplicative of bills submitted by the Frilot firm.

Galloway first appeared in this matter on April 4, 2011. A substantial portion of the hours submitted for his work appear to have been spent reviewing correspondence among attorneys from the Frilot firm and other parties. Indeed, as Defendant noted in its brief, these entries are duplicative of billing from the Frilot firm. Accordingly, the Court will not award fees for those entries. However, some of Galloway's time was spent preparing drafts of letters, pleadings, and other

---

[1](8.40 hours)($160.00) + (1.1 hours)($160.00) + (10.2 hours)($225.00) + (3.8 hours)($75.00) + (4.7 hours)($75.00) = $4,452.50

documents. He also attended proceedings on behalf of Plaintiff. These are reasonable expenses.

Therefore, the Court finds that the following hours submitted by Robert Galloway are compensable:

| 5/10/11 | RCG | Review, mark with comments and return to Mr. Krouse, his draft letter to Craig Ball reporting on LCI's ESI production to date | 0.60 hrs. | $240.00 |
|---------|-----|---------------------------------------------------------------------------------------------------------------------------------|-----------|---------|
| 5/11/11 | RCG | Review revised draft letter to Craig Ball and telephone conference with Mr. Krouse about letter | 0.40 hrs. | $160.00 |
| 5/11/11 | RCG | Review letter report to Craig Ball as submitted, and attached LCI e-mails, and note to Mr. Krouse about redacting personal identifiers | 0.40 hrs. | $160.00 |
| 5/18/11 | RCG | Review Ed Taylor's cover letter to Magistrate Judge Parker and LCI's Response (and Exhibits and Affidavits of J. Hatchett and E. Taylor) to Special Masters Interim Report | 0.30 hrs. | $120.00 |
| 5/18/11 | RCG | Memo to Mr. Krouse, et al, about replying to LCI's Response | 0.20 hrs. | $80.00 |
| 5/18/11 | RCG | Memo to Mr. Krouse, et al, with comments on 5/17 draft letter to Special Master about 524 e-mails recently received from LCI | 0.20 hrs. | $80.00 |
| 5/18/11 | RCG | Review Mr. Krouse's chart of LCI's recent ESI production | 0.10 hrs. | $40.00 |
| 5/18/11 | RCG | Memo to Mr. Krouse, et al, about how to describe LCI's ESI production to the Court | 0.10 hrs. | $40.00 |
| 5/18/11 | RCG | Further exchange of e-mails with Mr. Krouse re: letter to Special Master concerning latest 524 e-mails produced by LCI | 0.30 hrs. | $120.00 |
| 5/27/11 | RCG | Review and comment on Mr. Krouse's draft letter to Craig Ball | 0.40 hrs. | $160.00 |
| 6/4/11 | RCG | Review and comment on Craig Ball's Final Report | 0.50 hrs. | $200.00 |
| 6/7/11 | RCG | Work on Motion to Adopt Special Master's Reports and Recommendations | 0.80 hrs. | $320.00 |

| 6/8/11 | RCG | Further work on Motion to Adopt Special Master's Reports and supporting Memorandum | 1.20 hrs. | $480.00 |
|--------|-----|-----------------------------------------------------------------------------------|-----------|---------|
| 6/9/11 | RCG | Final proofing, file and circulate Motion to Adopt Special Master's Reports and Recommendations, and supporting Memorandum | 0.40 hrs. | $160.00 |
| 6/15/11 | RCG | Memo to Special Master Ball with LCI's Response to his (Final) Report and Recommendation | 0.20 hrs. | $80.00 |
| 6/15/11 | RCG | Note to Mr. Ball with PIC's Motion to Adopt Special Master's Reports, etc., and supporting Memorandum | 0.10 hrs. | $40.00 |
| 6/16/11 | RCG | Travel to Hattiesburg | 0.50 hrs. | $200.00 |
| 6/16/11 | RCG | In Court and participate in arguments on pending motions | 1.00 hrs. | $400.00 |
| 6/16/11 | RCG | Return to Gulfport | 0.50 hrs. | $200.00 |
| | | **Total:** | 8.2 hrs. | $3,280.00 |

Accordingly, of the 15.4 hours Plaintiff submitted for work performed by Galloway, 8.2 hours are compensable, reducing the $6,160.00 in requested fees to $3,280.00.

Defendant also argues that Galloway's hourly rate – $400.00 per hour – is unreasonable in the local market for this type of routine legal work. Defendant also contends that Plaintiff failed to submit an affidavit to support its claim that $400.00 per hour is a reasonable and customary rate in the local market.

Galloway's submitted rate is higher than any this Court has previously approved for a Mississippi attorney. However, Galloway performed a limited amount of work in this case, and he claims to have excluded his travel expenses and the fees for work performed by an associate at his firm. He further stated in his affidavit that $400.00 per hour is his firm's established rate for his work in cases like this one, and that he believes it to be a reasonable one. Therefore, the Court will

award fees at the hourly rate requested.[1]

### D.  *The Amount of Time Billed*

Defendant also argues that Plaintiff's attorneys billed an unreasonable amount of time for work on the Motion for Court-Appointed Computer Forensics Expert [256] and Motion for Sanctions [258]. The Court agrees with Defendant. The Court examined the billing statements submitted by Plaintiff. In the interest of brevity, the Court will not list the individual entries related to each motion. However, Plaintiff's attorneys billed 139.4 hours to research and draft the two motions listed above [256, 258], and they billed $23,700.00 for that time.[2] They also billed an additional 53.2 hours related to the receipt and review of Defendant's responses to the motions and the drafting of rebuttals; they billed another $8,835.50 for those efforts.[3] Therefore, Plaintiff's attorneys billed it **$32,532.50** for **192.5 hours** of work on **two motions**.

This was an unreasonable amount of time for the two motions in question. The Court conducts research and writes memoranda of law on a daily basis. It is quite familiar with the amount of time it takes to research an issue and write a brief. The two motions in question did not involve

---

[1] The Court notes, though, that this hourly rate represents the upper boundary of the rates the Court will award to Mississippi litigators in the absence of more substantial evidence regarding local market rates than was provided here.

[2] Virtually every entry on pages 1 through 6 of Document 401-1 is included in this sum. The Court did not include two entries, both on page 3 of Document 401-1. The first entry was for 0.20 hours billed by "ldt" for a telephone conference, and the second entry was for 2.80 hours billed by "TJE" for reviewing ESI submitted with supplemental disclosures. It is not clear the first entry relates to either of the two motions at issue here. The Court already deemed the second one to be non-compensable.

[3] Again, the Court will not list each individual entry, but the Court has included every entry on pages 7 through 10 of Document 401-1, with the exception of two entries on page 7 that the Court already deemed non-compensable and an entry for 0.50 hours on page 10 billed by "DPC" for review of supplemental discovery responses.

complicated or novel issues of law. Even the most cursory research reveals an abundance of authorities addressing the Court's discretion to impose sanctions under Rule 37. While cases addressing the appointment of a computer forensics expert or special master are admittedly more scarce in this jurisdiction, a case very similar to this one was addressed by the United States District Court for the Northern District of Mississippi within the past year. *See Maggette v. BL Dev. Corp.*, No. 2:07-CV-181-M-A, 2010 U.S. Dist. LEXIS 91647 (N.D. Miss. Sept. 2, 2010). Regardless, other jurisdictions have addressed ESI issues more frequently than this Court, and those authorities are not difficult to find.

The Court will only award one third of the fees requested by Plaintiff for the motion for sanctions and motion to appoint a computer forensics expert – $10,844.17. In so ruling, the Court does not place a hard limit on the amount of time that attorneys may expend on motions. Plaintiff's attorneys simply billed an unreasonable amount of time for the two motions at issue here.

**E.    Johnson *Factors***

Therefore, the Court's lodestar figure is $40,790.17.[4] The Court has already considered some of the *Johnson* factors – such as the time and labor involved in the case, and the novelty and difficulty of the questions of law. *Shipes*, 987 F.2d at 320 n. 6. After considering the remaining *Johnson* factors, the Court finds that it is not necessary to adjust the lodestar any further.

## II. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees [399] is granted in part and denied in part. The Court awards $40,790.17 in fees to Plaintiff.

---

[4]$69,811.00 (amount requested) – $4,452.50 (sustained line-item objections) – $2,880.00 (non-compensable work by Galloway) – $21,688.33 (unreasonable time expended on motion for sanctions and motion for court-appointed expert) = $40,790.17

SO ORDERED AND ADJUDGED this 9th day of August, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE